# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

DESHANDRE WOODARDS, on behalf of himself and all others similarly situated,

  Plaintiffs,

vs.

CHIPOTLE MEXICAN GRILL, INC.,

  Defendant.

Case No. 14-cv-04181 (SRN/SER)

**Defendant's Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Class Action Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) or, in the Alternative, for Summary Judgment Pursuant to Fed. R. Civ. P. 56**

Defendant Chipotle Mexican Grill, Inc. ("Defendant"), by and through its counsel, hereby submits its Motion to Dismiss Plaintiff's Class Action Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) or, in the Alternative, for Summary Judgment Pursuant to Fed. R. Civ. P. 56.

## Introduction

Defendant respectfully requests that this Court grant its Motion to Dismiss Plaintiff Woodards's suit in its entirety. Plaintiff Woodards's Class Action Complaint ("Complaint") alleges that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and the Minnesota Fair Labor Standards Act ("MFLSA"), Minn. § 177.21 *et seq*, which is identical to the claims and relief requested in another action pending before this Court, filed by Plaintiff Woodards's counsel, and in which Plaintiff Woodards is a party – *Harris v. Chipotle Mexican Grill, Inc.*, Case No. 13-cv-1719 ("*Harris*"). Because the parties, claims, issues, and requested relief are identical to those in *Harris*, this Complaint should be dismissed pursuant to the anti-duplicative litigation principle,

collateral estoppel, the first-to-file rule, and the doctrine of claim splitting. Further, Defendant requests that this Court take judicial notice of the *Harris* action currently before this Court, which has been identified by Plaintiff Woodards as a related case.

In addition, Plaintiff Woodards's individual claims are time barred because his claims are solely based on violations of the FLSA and MFLSA and he failed to bring his lawsuit within the FLSA's and MFLSA's statute of limitations periods as required under 29 U.S.C. § 255(a) and Minn. Stat. § 541.07(5). Therefore, this Court should dismiss this suit with prejudice.

### Factual Background

Plaintiff Woodards is a former employee of Defendant who worked as a non-exempt hourly employee between October 2011 and August 2012, in Defendant's Golden Valley, Minnesota restaurant. *See Woodards*, Doc. 1, Class Action Complaint, ¶ 35. Woodards's Complaint is duplicative of the *Harris* Class Action Complaint ("*Harris* Complaint") and *Harris* Consolidated Amended Class Action Complaint ("*Harris* Amended Complaint") because it alleges that Plaintiff Woodards and others similarly situated were not properly compensated for all hours worked as non-exempt hourly employees. (*Woodards*, Doc. 1; Ex.[1] A, *Harris*, Doc. 1; Ex. B, *Harris*, Doc. 31.) In fact, the Complaint is a mirror image of the *Harris* Complaint and *Harris* Amended Complaint. There are 98 paragraphs in the Complaint. Of those paragraphs, 96 paragraphs are indistinguishable from the paragraphs contained in the *Harris* Complaint, and 98 paragraphs are indistinguishable from the paragraphs contained in the *Harris* Amended Complaint, save for specific facts in certain paragraphs related to Plaintiff

---

[1] Unless otherwise specifically noted, all exhibits cited in this memorandum are attached to the Declaration of Jennifer M. Robbins submitted concurrently herewith.

Woodards's period of employment. (*Woodards*, Doc. 1; Ex. A, *Harris*, Doc. 1; Ex. B, *Harris*, Doc. 31.)

Counsel for Woodards has now filed five nearly identical complaints in two federal district courts: (1) *Turner v. Chipotle Mexican Grill, Inc.*, Case No. 13-cv-00794, filed in the U.S. District Court for the District of Colorado on March 27, 2013 ("*Turner I*"); (2) *Hobbs and Evenson v. Chipotle Mexican Grill, Inc.,* Case No. 13-cv-01719, filed in the U.S. District Court for the District of Colorado on June 28, 2013; (3) *Harris and Caldwell v. Chipotle Mexican Grill, Inc.*, Case No. 13-cv-1719, filed in this Court on July 2, 2013; (4) *Turner v. Chipotle Mexican Grill, Inc.*, Case No. 14-cv-02612, filed in the U.S. District Court for the District of Colorado on September 22, 2014 ("*Turner II*"); and (5) this lawsuit filed on October 8, 2014 in this Court. The *Turner I* and *II* complaints, *Hobbs* complaint, *Harris* complaints, and the complaint in this action allege that the plaintiffs and others similarly situated were not properly compensated for all hours worked as non-exempt hourly employees. For purposes of this Motion, Defendant will only examine the *Harris* action as it relates to this action.

## I.    *Harris* **action**

On July 2, 2013, Marcus Harris and Julius Caldwell, represented by the Williams Law Firm, Bacchus & Schanker, LLC, and the Law Offices of Adam S. Levy, LLC,[2] filed their Class Action Complaint. (Ex. A, *Harris*, Doc. 1.) On October 22, 2013, Harris and Caldwell filed their Consolidated Amended Class Action Complaint ("*Harris* Amended Complaint"), which added two additional Plaintiffs – Demarkus Hobbs and Dana Evenson.[3] (Ex. B, *Harris*, Doc. 31.)

---

[2] The Williams Law Firm, Bacchus & Schanker, LLC, and the Law Offices of Adam S. Levy also filed the present action on behalf of Plaintiff Woodards.

[3] Both Hobbs and Evenson worked in the same restaurant in Minnesota as Harris and Caldwell, Plaintiffs in the *Harris* action. Hobbs and Evenson agreed to consolidate their action into the *Harris* action. It is unclear why counsel for

Plaintiff Woodards became a party to the *Harris* action when he filed his consent to join the *Harris* action on May 5, 2014. (Ex. C, *Harris*, Doc. 91-1.)

Specifically, the *Harris* Amended Complaint asserts the following claims: (1) Violation of the FLSA (all hourly-paid employees nationwide); (2) Violation of the MFLSA, Minn. Stat. § 177.24, *et seq.* (Plaintiffs and all other hourly-paid employees who are members of the Minnesota Rule 23 class); (3) Violation of the MFLSA, Minn. Stat. § 177.25, *et seq.* (Plaintiffs and all other hourly-paid employees who are members of the Minnesota Rule 23 class); and (4) Failure to Maintain Records Minn. Stat. § 177.30 (Plaintiffs and all other hourly-paid employees who are members of the Minnesota Rule 23 class). (Ex. B, *Harris*, Doc. 31.) The *Harris* Amended Complaint requests the following relief:

(a) Certification of this case as a collective action under the FLSA;

(b) Certification of a Minnesota class under Rule 23;

(c) An order preliminarily and permanently enjoining Chipotle from engaging in the above-described conduct;

(d) An award of value of Plaintiff's unpaid wages, and the unpaid wages of all other current and former hourly-paid Chipotle restaurant employees included in this action;

(e) An award of liquidated damages under the FLSA for Plaintiffs and all other current and former hourly-paid Chipotle restaurant employees included in this action;

(f) An award of reasonable attorneys' fees, expenses, expert fees and all other costs incurred in this action;

---

Plaintiff Woodards filed two identical cases in two separate U.S. District Courts less than two weeks apart. It is also unclear why counsel for Plaintiff Woodards filed two other identical actions in September and October 2014 (the *Turner II* action and this action). It appears however, that they are trying to pursue multiple attempts at conditional certification of the same putative collective by splitting their claims and filing duplicative actions.

(g) An award of pre- and post-judgment interest; and

(h) Any and all other relief that the Court deems proper.

(Ex. B, *Harris*, Doc. 31, at 21.) In addition, with regard to the FLSA claim, the *Harris* Amended Complaint seeks to certify the following collective: "All current and former hourly-paid restaurant employees of Chipotle Mexican Grill, Inc. who, on or after July 2, 2010, were automatically punched off the clock and continued to work, or who otherwise worked 'off the clock,' resulting in non-payment of regular wages or overtime wages." (Ex. B, *Harris*, Doc. 31, ¶ 54.) With regard to the MFLSA claims, the *Harris* Amended Complaint also seeks to certify the following class, "All current and former hourly-paid restaurant employees of Chipotle Mexican Grill, Inc. in the state of Minnesota who, on or after July 2, 2010, were automatically punched off the clock and continued to work, or who otherwise worked "off the clock," resulting in non-payment of regular wages or overtime wages." (Ex. B, *Harris*, Doc. 31, ¶ 58.)

On October 23, 2013, the *Harris* Plaintiffs moved for conditional collective action certification of a nationwide collective. (Ex. D, *Harris*, Doc. 33.) The parties in *Harris* participated in extensive briefing on the issue of nationwide collective certification. (*See* Defendant's Opposition to Plaintiffs' Motion for Conditional Collective Certification, *Harris*, Doc. 49 and Plaintiffs' reply brief, *Harris*, Doc. 62.) Plaintiffs were also permitted to depose putative members of the collective who had submitted declarations in support of Defendant's opposition to Plaintiffs' Motion. Magistrate Judge Rau heard oral arguments on January 24, 2014 (*Harris*, Doc. 78), and issued his Report & Recommendation on April 10, 2014 (*Harris*, Doc. 87). Defendant filed its Objections to the Report & Recommendation on May 12, 2014 (*Harris*, Doc. 93) and Plaintiffs filed a Response on May 27, 2014 (*Harris*, Doc. 95).

On June 18, 2014, Defendant filed a letter to the Court, providing supplemental authority in support of Chipotle's position that conditional certification of a nationwide collective should be denied. (*Harris*, Doc. 96.) On June 24, 2014, Plaintiffs submitted a response to Defendant's letter (*Harris*, Doc. 99.)

On September 9, 2014, the Court issued a detailed 33-page Order denying a nationwide collective action and holding that "Plaintiffs' evidence presents a colorable claim that they were victims of a common, unlawful policy <u>only</u> at the Crystal, Minnesota restaurant." (Ex. E, *Harris*, Doc. 101, at 19 (emphasis added).) In denying the nationwide collective, the Court analyzed "whether Plaintiffs have come forward with evidence establishing a colorable basis that the putative class members are victims of a single decision, policy, or plan" and agreed with Defendant's argument "that a nationwide class of Defendant's employees is inappropriate." *Id.* at 21–22. In further support, the Court found "that Plaintiffs' evidence is insufficient to establish a colorable basis for a <u>nationwide</u> collective action even under the lenient certification standard." *Id.* at 24 (emphasis in original). Plaintiff Woodards is bound by this ruling as it is the current law of the case. Shortly after this ruling, Plaintiff Woodards filed this action. Plaintiff Woodards has apparently abandoned the *Harris* action without seeking a dismissal or withdrawal of consent even though the *Harris* action is pending.[4]

## II.    Current action

Plaintiff Woodards filed his Complaint on October 8, 2014, less than one month after this Court denied a nationwide collective in the *Harris* action, an

---

[4] Because no order dismissing Plaintiff Woodards has been entered, he is still an opt-in plaintiff in *Harris*. On October 17, 2014, Plaintiffs filed a Motion to Amend the September 9, 2014 Order on Collective Certification to Certify for Interlocutory Appeal and submitted a Memorandum in Support, which remains pending. (*Harris*, Docs. 104, 106.)

action to which he was and still appears to be a party. Plaintiff Woodards's Complaint asserts identical claims, requests identical relief, and seeks to certify an identical collective and an identical class as *Harris.*

Specifically, the Complaint asserts the following claims: (1) Violation of the FLSA (all hourly-paid employees nationwide; (2) Violation of the MFLSA, Minn. Stat. § 177.24, *et seq.* (Plaintiffs and all other hourly-paid employees who are members of the Minnesota Rule 23 class); (3) Violation of the MFLSA, Minn. Stat. § 177.25, *et seq.* (Plaintiffs and all other hourly-paid employees who are members of the Minnesota Rule 23 class); and (4) Failure to Maintain Records, Minn. Stat. § 177.30 (Plaintiffs and all other hourly-paid employees who are members of the Minnesota Rule 23 class). (*Woodards*, Doc. 1.) The Complaint requests the following relief:

(a) Certification of this case as a collective action under the FLSA;

(b) Certification of a Minnesota class under Rule 23;

(c) An order preliminarily and permanently enjoining Chipotle from engaging in the above-described conduct;

(d) An award of value of Plaintiff's unpaid wages, and the unpaid wages of all other current and former hourly-paid Chipotle restaurant employees included in this action;

(e) An award of liquidated damages under the FLSA for Plaintiffs and all other current and former hourly-paid Chipotle restaurant employees included in this action;

(f) An award of reasonable attorneys' fees, expenses, expert fees and all other costs incurred in this action;

(g) An award of pre- and post-judgment interest; and

(h) Any and all other relief that the Court deems proper.

(*Woodards*, Doc. 1, 18–19.) In addition, with regard to the FLSA claim, the Complaint seeks to certify the following collective: "All current and former hourly-paid restaurant employees of Chipotle Mexican Grill, Inc. who, on or after October 8, 2011, were automatically punched off the clock and continued to work, or who otherwise worked "off the clock," resulting in non-payment of regular wages or overtime wages." (*Woodards*, Doc. 1, ¶ 54.) With regard to the MFLSA claims, the Complaint also seeks to certify the following class, "All current and former hourly-paid restaurant employees of Chipotle Mexican Grill, Inc. in the state of Minnesota who, on or after October 8, 2011, were automatically punched off the clock and continued to work, or who otherwise worked "off the clock," resulting in non-payment of regular wages or overtime wages." (*Woodards*, Doc. 1, ¶ 58.)

This language is identical to that alleged in the *Harris* Complaint. Based on the face of the Complaint, Plaintiff Woodards is requesting relief on behalf of a putative collective indistinguishable to that which was requested in the *Harris* action, in which he was a party when the conditional nationwide collective was denied.

## Standard of Review

Rule 12(b)(6) authorizes a court to dismiss a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A court should grant a 12(b)(6) motion when a complaint does not include enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A party seeking dismissal may request that the court take judicial notice of additional documents filed of record. *In re Pettingill Enterprises, Inc.*, No. 11-12-10515 JA, 2012 Bankr. LEXIS 5154, at *4 (Bankr. D. N.M. Nov. 2, 2012) (quoting *Andrews v. Daw,* 201 F.3d 521, 524 n.1 (4th Cir. 2000)); *Haddad v. Dudek*, 784 F. Supp. 2d 1308, 1324 (M.D. Fla. 2011); *United States v. Jones*, 29 F.3d 1549,

1553 (11th Cir. 1994) ("a court may take notice of another court's order for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of that litigation"). For purposes of this Motion, Defendants request that this Court take notice of its docket in the *Harris* action.

Alternatively, summary judgment is appropriate if the evidence indicates that there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The purpose of the rule is to provide against the vexation and delay which comes from the formal trial of cases in which there is not substantial issue of fact, and to permit expeditious disposition of cases of that kind." *Broderick Wood Products Co. v. U.S.*, 195 F.2d 433, 435–436 (10th Cir. 1952) (citation omitted). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50. A mere scintilla of evidence supporting the non-moving party's position is insufficient. *Anderson*, 252 (1986).

## Argument

### I.   The Court should dismiss Plaintiff's collective action to avoid duplicative litigation.

When multiple, similar claims are pending in federal courts, the general principle is to avoid duplicative litigation. *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976); *see also Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995) ("Federal district courts have the inherent power to administer their dockets so as to conserve scarce judicial resources. . . . A district court has an ample degree of discretion in deferring to another federal proceeding involving the same parties and issues to avoid duplicative litigation.") (internal quotation marks and citation omitted). A district court has the authority as part of its general power over its docket administration to stay or

dismiss a suit that is duplicative of another case then pending in federal court. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000); *Copello v. Boehringer Ingleheim Pharmaceuticals*, 812 F. Supp. 2d 886, 889 (N.D. Ill. 2011).

"As a general rule, a federal suit may be dismissed for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court." *Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (internal citations omitted). Outright dismissal, rather than a stay, is most likely to be appropriate when the same party has filed all of the suits. *Central States, SE & SW Pension Fund v. Paramount Liquor Co.*, 203 F.3d 442, 445 (7th Cir. 2000). Preventing a party from pursuing duplicative FLSA claims advances wise judicial administration. *Copello*, 812 F. Supp. 2d at 890 (N.D. Ill. 2011) (citing *Romine v. Compuserve Corp.*, 160 F.3d 337, 340 (6th Cir. 1998) (disapproving duplicative class actions); *Goff v. Menke*, 672 F.2d 702, 704–05 (8th Cir. 1982); (same); *Becker v. Schenley Indus., Inc.*, 557 F.2d 346, 348 (2d Cir. 1977) (same)).

When a single district court faces two identical actions, dismissal is warranted. *Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953–54 (8th Cir. 2001) (citing *Serlin*, 3 F.3d at 223; *Zerilli v. Evening News Ass'n*, 628 F.2d 217, 222 (D.C. Cir. 1980); *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc) (A plaintiff has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.") (citations omitted)). Here, Plaintiff Woodards's case including the parties, claims, and requested relief, is identical to the *Harris* action pending in this Court; Woodards's action can only be understood as an attempt to take a second bite at an identical apple and an effort to ask this Court to overrule its own prior decisions. In the interests of judicial comity, this simply

cannot happen. As such, Plaintiff Woodards's claim must be dismissed as a matter of law.

Further, to prevail on his collective action claims, Plaintiff Woodards will have to show that he is similarly situated to the putative class members. 29 U.S.C. § 216(b). This Court in *Harris*, however, already determined that they are not similarly situated. Specifically, this Court recognized "that Plaintiffs' evidence is insufficient to establish a colorable basis for a <u>nationwide</u> collective action even under the lenient certification standard." (Ex. E, *Harris*, Doc. 101 at 24). Because this Court has already made the factual and legal determination that Plaintiff Woodards and putative class members are not similarly situated, Plaintiff Woodards is precluded from pursuing collective claims in this action. *See, e.g.*, *Dias v. Elique*, 276 Fed. Appx. 596, 598–99 (9th Cir. 2008) (taking judicial notice of prior proceedings, the Court found that plaintiff's allegations were directly controverted by existing factual findings and plaintiffs were not entitled to relief).

## II.   Plaintiff Woodards is collaterally estopped from bringing a collective action claim.

Whether the Court analyzes this argument as a Rule 12(b)(6) motion or a Rule 56 motion, the result will be the same.  Plaintiff Woodards is estopped from bringing a collective action claim because he has already attempted to bring a collective action and failed to do so.  Collateral estoppel, or issue preclusion, is designed to prevent needless relitigation and bring about some finality to litigation. Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326 (1979); *United States v. Botefuhr*, 309 F.3d 1263, 1282 (10th Cir. 2002). Collateral estoppel bars a party from relitigating an issue once it has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim. *Park Lake Res. Ltd. Liab. Co. v. USDA*, 378 F.3d 1132, 1136 (10th

Cir. 2004).  Collateral estoppel will bar a claim if four elements are met: (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action. *Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 978 (10th Cir.1995).

This Court in Harris considered the facts and evidence relating to putative class members and determined there was no common policy or practice that would justify certification on a nationwide basis.  The briefing on conditional collective nationwide certification was extensive and intense, including discovery propounded in support of certification.  Based on all the evidence provided and the arguments presented, this Court made a determination denying a nationwide collective.  Plaintiff Woodards is now attempting to escape the force and effect of the Harris Order by filing another action in this court to certify a duplicative nationwide FLSA collective.  Based on his strategy, opt-in plaintiffs who lose their motions for conditional certification could file an endless stream of actions in hope of finding a court downstream that will eventually agree.  This is contrary to public policy, the interests of judicial economy, and common sense.

## A.     The Complaint is identical to the Complaint in *Harris*.

Plaintiff Woodards is estopped from bringing a collective action complaint that proposes a nationwide collective because this Court in Harris has already denied an identical nationwide collective.  In a case analogous to the one before this Court, a California District Court held that plaintiffs were collaterally estopped from seeking collective certification because a previously decided issue denying collective certification was substantially identical to the present issue of

collective certification.  Frosini v. Bridgestone Firestone N. Am. Tire, LLC, No. CV 05-0578 CAS, 2007 WL 2781656, at *9 (C.D. Cal., Aug. 24, 2007).  In the first action, Littell I, conditional certification was denied after the District Court permitted discovery because the plaintiffs failed to show that common issues of fact or law predominated over individual issues of proof as to each proposed class. Id. at *4, 8.  In Littell II, the plaintiffs attempted to differentiate conditional certification in the second action by arguing that there were new allegations of defects.  Id. at *10.  The District Court rejected this argument and held that "certification issues presented in the instant case are identical to the issues regarding predominancy decided by the Littell I court and that those issues were necessary to that court's order denying class certification."  Id.  As such, plaintiffs were precluded from seeking collective certification in Littell II because collective certification had already been sought on a substantially similar issue and was denied.  Id.  See also; In re Dalkon Shield Punitive Damages Litigation, 613 F. Supp. 1112, 1115–16 (E.D. Va. 1985) (denying a nationwide punitive damages class action in second action when the issues were virtually the same as those in the first action where the nationwide punitive damages class action had already been denied); Ferris v. Cuevas, 118 F.3d 122, 130 (2d. Cir. 1997) (plaintiffs who fail to obtain a class action certification, but nevertheless assert the authority to represent other similarly situated persons, and who are demonstrated to be in privity with those other persons, are not immune from application of res judicata); Lee v. Criterion Ins. Co., 659 F. Supp. 813, 823 (S.D. Ga. 1987) ("where litigation is between the same parties, state courts will give collateral estoppel effect to federal court denials of class certification and federal courts will do the same with respect to denials of certification rendered by state courts").  It is undisputed that Plaintiff Woodards's Complaint is identical to the one filed in Harris.

Further, to prevail on his collective action claims, Plaintiff Woodards will have to show that he is similarly situated to the putative class members.  29 U.S.C. § 216(b).  The Court in Harris, however, already determined that they are not similarly situated.  Specifically, this Court recognized "that Plaintiffs' evidence is insufficient to establish a colorable basis for a nationwide collective action even under the lenient certification standard."  (Harris, Doc. 101, at 24).  Because this Court has already made the factual and legal determination that Plaintiff Woodards and putative class members are not similarly situated, Plaintiff is precluded from pursuing collective claims in this action.  See, e.g., Dias v. Elique, 276 Fed. Appx. 596, 598–99 (9th Cir. 2008) (taking judicial notice of prior proceedings, the Court found that plaintiff's allegations were directly controverted by existing factual findings and plaintiffs were not entitled to relief).

## B.   In *Harris* this Court issued an Order denying nationwide conditional certification.

Although res judicata depends on a final judgment, collateral estoppel does not.  "The rules of res judicata are applicable only when a final judgment is rendered.  However, for purposes of issue preclusion, 'final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded preclusive effect." Restatement (Second) of Judgments § 13 (1980).  An order denying class certification is final and decided on the merits.  Frosini, 2007 WL 2781656 at *10.

In Harris, the Plaintiffs sought conditional collective certification of their FLSA claim for a nationwide class.  This initial determination of whether to grant conditional certification is the first step in a two-tiered approach, and is made under a fairly lenient standard.  Thiessen v. General Electric Capital Corp., 267 F.3d 1095, 1102–03 (10th Cir. 2001); Boldozier v. Am. Family Mut. Ins. Co., 375

F.Supp.2d 1089, 1092 (D. Colo. 2005).  After extensive briefing and permitted discovery, this Court, relying on the first step in the two-tiered approach, issued an order denying nationwide certification of the proposed collective.  (Harris, Rec. Doc. 101).   This Court's Order is the current law in Harris.

### C.   Plaintiff was a party in the *Harris* action when the Court issued its Order regarding conditional certification.

Even though Plaintiff Woodards is not a named plaintiff in the Harris action, he was a party to the Harris action when the Court issued its order on conditional certification because he had opted in to the lawsuit.  He was also represented by the same legal counsel in Harris as he is in this action.  For plaintiffs not named in the original complaint, a collective action under the FLSA commences "on the subsequent date on which [the plaintiffs'] written consent is filed in the court." 29 U.S.C.A. § 256(b);  Lee v. Vance Exec. Prot., Inc., 7 F. App'x 160, 166–67 (4th Cir.2001).  As such, when a party files a written consent to opt-in, he or she becomes a party to the litigation.  Jennings v. Cellco Partnership, No. 12-00293, 2012 WL 2568146, at *3 (July 2, 2012, D. Minn) (citing Smith v. Heartland Auto. Servs., Inc., 404 F. Supp. 2d 1144, 1149 (D. Minn. 2005)); Adams v. School Bd. of Hanover County, No. 3:05CV310, 2008 WL 5070454, at *17 (November 26, 2008, E.D. Va).  A plaintiff who expressly joins a collective action is bound by its results.  29 U.S.C. § 256;  McElmurry v. U.S. Bank Nat. Ass'n, 495 F.3d 1136, 1139 (9th Cir. 2007); Roussel v. Brinker Int'l, Inc., 441 Fed.App'x. 222, 225 (5th Cir. 2011); Partlow v. Jewish Orphans' Home of S. Cal., Inc., 645 F.2d 757, 758–59 (9th Cir.1981), abrogated on other grounds by Hoffmann–La Roche Inc. v. Sperling, 493 U.S. 165 (1989).

When Plaintiff Woodards filed a consent to join the Harris action, he became a party to the Harris action at that time.  Further, in his consent to join, Plaintiff Woodards was represented by the same counsel in the Harris action as

he is in this case. It is undisputed that Plaintiff Woodards was and presumably
still is a party to the Harris action.

    **D.**    **Plaintiff had a full and fair opportunity to litigate the issue of
conditional certification in the *Harris* action.**

    As an opt-in plaintiff, Plaintiff Woodards had a full and fair opportunity to
litigate the issue of FLSA certification in the Harris action.  Plaintiff Woodards
filed a consent to join the Harris litigation.  Under the FLSA, individuals who
opt-in by filing consents to join the suit become parties to the action.  29 U.S.C.
216(b).  Clearly, Plaintiff fully participated in and supported the motion for
conditional collective action certification.  As such, Plaintiff Woodards shares the
same interests and motives as he and the other Harris Plaintiffs, which is further
evidenced by the fact that he is represented by the same attorneys in the present
action who represented him and the other Harris Plaintiffs.

    After Plaintiff Woodards and the other Harris Plaintiffs moved for
conditional collective action certification, the Harris action progressed for nearly
a year before Judge Nelson issued her Order denying nationwide conditional
certification.  These matters were briefed extensively by Plaintiff's counsel and
Defendant as evidenced by the numerous filings.  In addition, significant
discovery was propounded specific to the conditional collective action
certification and Plaintiffs deposed putative members of the collective class who
submitted declarations supporting Defendant's opposition.  Therefore, it is
undisputed that Plaintiff had a full and fair opportunity to litigate the collective
action certification in Harris.

    Defendant has demonstrated that Plaintiff Woodards's claims must be
collaterally estopped.  The relief requested in Plaintiff Woodards's Complaint is
identical to that which was sought in Harris.  This Court issued a 33-page Order
denying nationwide conditional certification.  (Harris, Doc. 101).  Plaintiff

Woodards was and presumably still is a party in the Harris action. Lastly, Plaintiff Woodards had full and fair opportunity to litigate the conditional certification of the nationwide collective action claim in the Harris action. As such, Plaintiff Woodards's claims should be dismissed as a matter of law.

## III.  Plaintiff Woodards's claims should be dismissed pursuant to the first-to-file rule.

The first-to-file rule stands for the general proposition that when there are two competing lawsuits, the first suit should have priority. *Northwest Airlines, Inv. v. American Airlines, Inc.*, 989 F.2d 1002, 1005 (8th Cir. 1993). "To conserve judicial resources and avoid conflicting rulings, the first-filed rule gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction." *Id.* at 1006 (citation omitted). The rationale for the rule is that "the simultaneous prosecution in two different courts of cases relating to the same parties and issues 'leads to the wastefulness of time, energy and money.'" *Cessna Aircraft Co. v. Brown,* 348 F.2d 689, 692 (10th Cir. 1965) (quoting *Cont'l Grain Co. v. Barge FBL– 585,* 364 U.S. 19, 26 (1960)). "[T]wo federal courts should not be adjudicating the same issues." *New York Marine & Gen. Ins. Co. v. Lafarge N. Am.*, 599 F.3d 102, 113 n.4 (2d Cir. 2010) (citation omitted). Pursuant to this rule, a district court has broad discretion to dismiss a lawsuit that is duplicative of a prior action. *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.,* 342 U.S. 180, 183–84 (1952).

"Dismissal is appropriate not only to promote docket efficiency and interests of comity, but also to avoid burdening a party with litigating the same matter in separate lawsuits." *Castillo v. Taco Bell of America, LLC*, 960 F. Supp. 2d 401, 404 (E.D.N.Y. 2013) (citation omitted). In *Castillo*, the plaintiffs sought to conditionally certify a collective that had been previously certified in a separate case in another district court. *Id.* There, the court compared the two cases and

determined that "the class/collective claims [were] so substantially similar as to require dismissal" because the proposed classes were identical despite plaintiff's assertion that the second case would only accept opt-in plaintiffs who did not opt into the other collective action, with the same class description and identical requested relief of overtime compensation. *Id.* The court also reasoned: "it would be patently unfair to require defendants to litigate class issues [in one case] at the same time as those matters are being litigated in the first-filed action." *Id.* at 405.

While the first-to-file rule addresses identical actions filed in *different* district courts, the rule is still instructive and should be applied here, where a single court is faced with two identical actions. Federal courts strictly adhere to the first-to-file rule when identical actions are filed in different courts and routinely dismiss the later-filed actions. It should be no different when an identical action is filed in the same district court. Indeed, it should be an easier analysis. If the current action is allowed to proceed, this Court could potentially overrule itself or issue contradicting orders in two pending actions. This scenario is even more extreme than that contemplated in a first-to-file rule analysis where district courts dismiss actions that are identical to those pending in *another* similarly situated district court.

Plaintiff Woodards's claims, as pled in his Complaint, are identical to the claims in *Harris.* The relief requested is identical. The classes sought to be represented in this action and the *Harris* action are identical—all former and current hourly-paid restaurant employees who were employed by Chipotle during the applicable time period. Plaintiff Woodards is a party to the *Harris* action. It is undisputed that the *Harris* Complaint was filed before Plaintiff Woodards's Complaint. The parties, including the proposed collective and class, issues, and relief, as outlined in both the Complaint and the *Harris* action are

substantially similar and seemingly identical. As such, Plaintiff Woodards's claims should be dismissed as a matter of law.

## IV.  Plaintiff Woodards's claims should be dismissed to prevent claim-splitting.

Because Plaintiff Woodards's Complaint proposes the same nationwide collective and state-wide class, asserts identical claims, and requests identical relief as the *Harris* action, under the doctrine of claim-splitting, Plaintiff Woodards's complaint must be dismissed.

> The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit. By spreading claims around in multiple lawsuits in other courts or before other judges, parties waste scarce judicial resources and undermine the efficient and comprehensive disposition of cases.

*Katz v. Geradi*, 655 F.3d 1212, 1217 (10th Cir. 2011) (quoting *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 985 (10th Cir. 2002)). "It is well settled that a plaintiff 'may not file duplicative complaints in order to expand their legal rights.'" *Greene v. H&R Block Eastern Enterprises, Inc.*, 727 F. Supp. 2d 1363, 1367 (S.D. Fla. 2010) (citing *Curtis v. Citibank*, 226 F.3d 133, 140 (2d Cir. 2000)).

To determine whether duplicative claim-splitting has occurred, courts analyze whether the later-filed suit: (1) "involves the same parties or their privies," and (2) "arises out of the same transaction or series of transactions as the first suit." *Greene*, 727 F. Supp. 2d at 1367 (citation omitted). It is not necessary to have a final judgment in the first suit for the purpose of dismissing an action pursuant to the principle of claim splitting. *Katz*, 655 F.3d at 1218. A dismissal is appropriate on claim-splitting grounds if the two duplicative cases are both ongoing. *Id.*

In applying this principle, the U.S. District Court for the Southern District of Florida dismissed a collective action because the plaintiffs' concurrent and pending individual claims arose from the same nucleus of operative facts. *Khan v. H&R Block Eastern Enterprises, Inc.*, No. 11-20335-Civ-COOKE/TURNOFF, 2011 U.S. Dist. LEXIS 83404, at *21–22 (S.D. Fla. July 29, 2011). In determining whether the collective claims were permissible, the court considered whether the cases involved the same parties, and whether the separate cases arose from the same transaction(s). *Id.* at 18–21. In other words, the court considered whether the plaintiffs and defendants in each of the cases were identical, and whether the respective claims arose from the same nucleus of operative facts. The court held that the plaintiffs and defendants were identical. *Id.* at 20. The court also held that the claims arose from the same nucleus of operative facts even though "the plaintiffs' individual claims allege the defendants failed to provide overtime compensation and their current action alleges failure to pay minimum wage, these actions both relate to the same, continuous failure to receive payment." *Id.* The court found that the 51 plaintiffs who filed duplicative claims violated the rule against claim-splitting and granted defendants' motion to dismiss. *Id.* at 22.

It is undisputed that Plaintiff Woodards's claims in the current action are identical to those in the ongoing *Harris* action. Even Plaintiff Woodards concedes that the cases are related. Further, Plaintiff Woodards is a party to the *Harris* action. If Plaintiff Woodards's claims were to proceed, there would be two duplicative cases ongoing in the same federal court. In fact, this is the fifth duplicative collective and class action filed by Plaintiff Woodards's counsel. This is precisely what the principle of claim-splitting seeks to prevent. Because final judgment has not been entered in *Harris*, claim-splitting is an appropriate method of dismissal. In the interests of judicial comity and clearly established case law, Plaintiff Woodards's claims must be dismissed.

## V.    Plaintiff Woodards's complaint must be dismissed because his claims are time barred.

Plaintiff Woodards's claims are time barred because he brought his Complaint more than two years after he last worked for Defendant. Plaintiff Woodards's Complaint only involves claims for relief pursuant to the FLSA and MFLSA. (*Woodards*, Doc. 1, ¶ 1). The prescribed statutory period allotted under the FLSA and MFLSA is two years. *See* 29 U.S.C. § 255(a) (a cause of action "may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued"); Minn. Stat. § 541.07(5) ("the following actions shall be commenced within two years: for the recovery of wages or overtime or damages, fees, or penalties accruing under federal or state law respecting the payment of wages or overtime or damages, fees, or penalties except . . . if the nonpayment is willful and not the result of mistake or inadvertence, the limitation is three years").

According to Plaintiff Woodards's Complaint, he "began working for Defendant on or about October 2011 as a crew member at the 515 Winnetka Ave. N., Golden Valley, MN 55427 location, until he left on or about August 2012." (*Woodards*, Doc. 1, ¶ 35). Plaintiff Woodards filed the current lawsuit on October 8, 2014, more than two years after his Complaint concedes he last worked for Defendant. To have cognizable FLSA and MFLSA claims, Plaintiff Woodards must have worked for Defendant within the two-year period before filing this lawsuit. Plaintiff Woodards's Complaint concedes that he has not worked for Defendant since August 2012, two years and two months from the date the lawsuit was filed. As such, Plaintiff Woodards's individual claim is time-barred and must be dismissed. In addition, Plaintiff Woodards's class and collective claims are also time-barred because, without a personal claim against Defendant,

Plaintiff Woodards cannot assert a collective or class action on behalf of other similarly situated employees. *See Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1532 (2013) (holding that a plaintiff who has no valid individual claim cannot maintain a collective action). Therefore, dismissal is warranted in this case because Plaintiff Woodards is time barred from asserting any claim under the FLSA or the MFLSA for his period of employment with Defendant.

## VI.   In the alternative, Plaintiff Woodards can only pursue his individual claims.

In the event this action is not dismissed in its entirety, Plaintiff Woodards can only seek to pursue his individual claims.  When a court denies a conditional certification that excludes certain opt-in plaintiffs, the opt-in plaintiffs' only recourse is to file individual claims.  The U.S. District Court for the District of Minnesota has held that opt-in members are dismissed without prejudice, and the case proceeds only in the putative class members' individual capacities if the conditionally certified FLSA class is decertified or if conditional certification is denied. Keef v. M.A. Mortenson Co., 07-CV-3915, 2008 WL 3166302, at *4 (D. Minn. August 4, 2008); See also Saleen v. Waste Management, Inc, 649 F. Supp. 2d. 937 (D. Minn. 2009) (dismissing plaintiff's claims without prejudice and staying the dismissal to allow plaintiffs an opportunity to re-file their claims in the appropriate courts). The premise is that, considering the individualized nature of the alleged violations, recovery should be sought in individualized actions not in a collective proceeding. Thompson v. Speedway SuperAmerica, LLC, No. 08-CV-1107, 2009 WL 130069, *10 (D. Minn. 2009).  In Harris, this Court denied a nationwide collective and limited the collective to the Crystal restaurant.  Plaintiff Woodards did not work at the Crystal restaurant. Therefore, Plaintiff Woodards is not a member of the conditional collective.

Based on case law from this district, Plaintiff Woodards can only assert an individual claim and is precluded from asserting additional claims.

## Conclusion

Plaintiff Woodards cannot credibly dispute that his Complaint is identical to the *Harris* Amended Complaint. The fact that Plaintiff Woodards's Complaint is indistinguishable from an action already pending in this Court warrants, if not mandates, dismissal for failure to state a claim upon which relief can be granted or on summary judgment in favor of Defendant. Additionally, Plaintiff Woodards's Complaint should be dismissed because his claims are time-barred. In the alternative, Plaintiff Woodards's Complaint must be limited to his individual claims.

Dated: October 30, 2014          ROBINS, KAPLAN, MILLER & CIRESI LLP

By:   s/ *Jennifer M. Robbins*_____
     Jennifer M. Robbins (#387745)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015
Telephone: (612) 349-8500
Fax: (612) 339-4181
jmrobbins@rkmc.com

**ATTORNEY FOR DEFENDANT
CHIPOTLE MEXICAN GRILL, INC.**