## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---------------------------------------------------

)
DESHANDRE WOODARDS,    )
    )    **Case No.: 0:14-cv-04181 (SRN/SER)**
on behalf of himself and all others    )
similarly situated,    )    **Plaintiff's Memorandum of Law in**
    )    **Opposition to Defendant's Motion**
    Plaintiffs,    )    **to Dismiss Plaintiff's Class Action**
    )    **Complaint Pursuant to Fed. R. Civ. P.**
    v.    )    **12(b)(6) or, in the Alternative, for**
    )    **Summary Judgment Pursuant to**
CHIPOTLE MEXICAN GRILL, INC.,    )    **Fed. R. Civ. P. 56**
    )
    Defendant.    )
    )

---------------------------------------------------

Chipotle Mexican Grill, Inc. ("Chipotle") decries the fact that persons who do not fit within the narrow collective conditionally certified in *Harris v. Chipotle Mexican Grill, Inc.*, Case No. 13-cv-1719 ("*Harris*") are now filing their own wage and hour actions. Contrary to Chipotle's assertions, Plaintiff DeShandre Woodards ("Woodards") is not a party in *Harris*, is not bound by *Harris*, and is not foreclosed from bringing his own action against Chipotle and seeking a collective. For these reasons, Chipotle's Motion to Dismiss Plaintiff's Class Action Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) or, in the Alternative, for Summary Judgment Pursuant to Fed R. Civ. P. 56, should be denied in its entirety.

1

## FACTUAL BACKGROUND

Plaintiff DeShandre Woodards ("Woodards") worked at Chipotle's Golden Valley, Minnesota restaurant as a non-exempt employee from approximately October 2011 to August 2012. *See* Defendant's Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Class Action Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) or, in the Alternative, for Summary Judgment Pursuant to Fed R. Civ. P. 56 [Doc. No. 14] ("Supp. Memo") at 2. During his employment at Chipotle, Woodards was subjected to the same policies and practices as other hourly-paid employees, which included being required to work off the clock. Complaint at ¶¶ 53-57 [Doc. No. 1].

On July 2, 2013 Marcus Harris and Julius Caldwell filed the *Harris* action in the District of Minnesota. Supp. Memo. at 3. The *Harris* plaintiffs alleged a nationwide collective under the Fair Labor Standards Act ("FLSA"), and a Minnesota state law Rule 23 class action limited to Minnesota workers. *See Harris* Complaint, attached to the Declaration of Jennifer Robbins ("Robbins Dec.") as Exhibit A [Doc. No. 15-1], at ¶¶ 3, 6, 46-52. On October 4, 2013, pursuant to a stipulation between the parties, an FLSA action filed in Colorado by two additional plaintiffs, Demarkus Hobbs and Dana Evenson, captioned *Hobbs v. Chipotle Mexican Grill of Colorado, Inc.*, Case No. 13-cv-1719 ("*Hobbs*"), was transferred to this District. *See* Declaration of Kent M. Williams ("Williams Dec.") Exhibits A and B [stipulation and order]. Pursuant to another stipulation between the parties, on October 22, 2013, the *Hobbs* and *Harris* complaints were joined into a Consolidated Amended Class Action Complaint. *See id.*, Exs. C and D [stipulation and order]; Robbins Dec. Ex. B [Doc. No. 15-2].

A Rule 16 conference was held in *Harris* on October 8, 2013.   Although the plaintiffs requested classwide discovery, no discovery order was entered at that time. Instead, the parties were instructed to attempt to agree to a limited Rule 30(b)(6) deposition regarding the feature of Chipotle's timekeeping system that automatically clocks employees out at 12:30 a.m.  *See* December 19, 2013 Declaration of Joel Mintzer at ¶ 2, attached to Williams Dec. as Ex.E.   A Notice of Rule 30(b)(6) Deposition and Request for Production of Documents were served on December 20, 2013, *see* Williams Dec. Exs. F and G, but Chipotle refused to produce documents "to the extent that the Requests seek documents beyond those relating to Plaintiffs' individual claims." *See* Defendant Chipotle Mexican Grill, Inc.'s Responses to Plaintiffs' Document Rrequests to Defendant – Set I, General Objection and Condition No. 15, attached to Williams Dec. as Ex. H.  Chipotle did not produce any responsive documents until September 29, 2014, and no agreement was reached regarding the Rule 30(b)(6) deposition.  *See* Williams Dec. at ¶ 10. The only other discovery in *Harris* was the depositions of three Crystal employees who filed declarations in support of Chipotle – and even that discovery took place over Chipotle's objection, after Chipotle's motion for a protective order was denied.  *See Harris* Doc. No. 75 (January 8, 2014 Order & Notice of Hearing).

On October 23, 2013, a motion to conditionally certify a nationwide collective of non-exempt, hourly-paid Chipotle restaurant workers was filed in the *Harris* action.  *See* Robbins Dec. Ex. D [Doc. No. 15-4]. On April 10, 2014, after a hearing and pre-and post-hearing briefing, Magistrate Judge Rau issued a Report and Recommendation ("R&R") that a nationwide FLSA collective be conditionally certified.  *See Harris*, Doc.

No. 93.  Nearly a month later, on May 5, 2014, DeShandre Woodards filed a Consent to

Join the *Harris* action. *See* Robbins Ex. C [Doc. No. 15-3]. On May 12, 2014, Chipotle

objected to the R&R; Plaintiffs responded on May 24, 2014.  *See Harris*, Docs. No. 93

and 95.

On September 9, 2014, the Court declined to adopt the R&R, finding that

plaintiffs' evidence was insufficient to establish a colorable basis for a nationwide

collective, and holding that "the appropriate scope of this collective action extends only

to employees of Defendant's Crystal, Minnesota restaurant." *See* Robbins Dec. Ex. E. at

24, 27 [Doc. No. 15-5].  In its opinion, the Court noted that discovery had not been

completed, and that only "minimal discovery has been completed related to the hourly-

paid managers' responsibilities and the extent of their control over the timekeeping

processes." Robbins Ex. E. at 21, 27.

Woodards never worked at the Crystal restaurant, but only worked at the Golden

Valley location.  Therefore, on October 8, 2014, Woodards filed the instant action as a

related case to the *Harris* action.   While (as Chipotle acknowledges) Woodards'

allegations and claims largely mirror those in *Harris*, this is because, like the *Harris*

plaintiffs, Woodards alleges he was subjected to the same policies and practices as all

other hourly-paid Chipotle workers nationwide, which includes being required to work

off the clock. *See generally* Supp. Memo. at 3-8, Complaint at ¶¶ 63-61.

The above facts are undisputed, although their legal effect is very much in dispute.

For example, Chipotle states that Woodards "apparently abandoned the *Harris* action

without seeking a dismissal or withdrawal of consent" after Judge Nelson's Order in

*Harris*.  *See* Supp. Memo. at 6.  To the contrary, Woodards is not a party to the *Harris* action as a result of the September 9 Order in *Harris*.  *See* Robbins Dec. Ex. E at 27. Chipotle also asserts that Woodards "still appears to be a party" in the *Harris* action.  *See* Supp. Memo. at 6-7.  But again, and as explained more fully below, the effect of the September 9 Order is that Woodards is not a party to the *Harris* action.[1]  *See* Robbins Ex. E. at 27.

Chipotle also exaggerates the extent to which discovery was allowed and conducted in *Harris*, claiming that "significant discovery" was propounded and that the results of that discovery were used to deny conditional certification of a nationwide class. *See* Supp. Memo. at 16.  This is untrue.  As Chipotle's own counsel has previously stated, plaintiffs asked for classwide discovery, but "the Court refused unlimited discovery. Instead, the parties were instructed to attempt to agree to a limited Rule 30(b)(6) deposition regarding the feature of Chipotle's timekeeping system that automatically clocks employees out at 12:30 a.m."  *See* December 19, 2013 Declaration of Joel Mintzer at ¶ 2, attached to Williams Dec. as Ex. E.  The parties did not reach an agreement regarding the Rule 30(b)(6) deposition, Chipotle rebuffed Plaintiffs' attempt to take discovery beyond the named Plaintiffs' individual claims, and Chipotle did not produce any responsive documents until September 29, 2014, nearly three weeks after the Court

---

[1]On October 17, 2014, Plaintiffs filed a Motion to Amend the September 9, 2014 Order on Collective Certification to Certify for Interlocutory Appeal and Submitted Memorandum in Support.  On November 14, 2014 the *Harris* Court denied Plaintiffs Motion to Amend the September 9, 2014 Order on Collective Certification to Certify for Interlocutory Appeal.  *Harris*, Doc. No. 128 (11/14/14 Mem. Op. & Order). Therefore, the *Harris* litigation is solely limited to current and former nighttime employees of the Crystal, MN store.

had already ruled on Plaintiffs' motion for a collective.  The only other discovery permitted in *Harris* was the depositions of employees who filed declarations in support of Chipotle, none of which was a factor in the Court's decision whether to conditionally certify a collective.[2]  *See* September 9 Order at 19 & n.9.

Chipotle also misstates the extent to which Woodards was involved in the *Harris* action. Chipotle claims that "Woodards and the other *Harris* Plaintiffs moved for conditional collective action certification" and that Woodards "had a full and fair opportunity to litigate the issue of conditional certification in the *Harris* action."  *See* Supp. Memo. at 16. This is untrue. Woodards did not even file his Consent to Join in *Harris* until May 4, 2014, long after the briefing and minuscule discovery on Plaintiffs' motion for conditional certification had ended, and nearly a month after the Court issued the April 10, 2014 R&R.  *See* Robbins Dec. Ex. C. Thus, Woodards was not given an opportunity to conduct any discovery at all in *Harris* (much less any discovery on whether a collective should be conditionally certified), and by the time he filed his Consent to Join, the briefing on Plaintiffs' motion for collective action certification had all but ended. Thus, the reality is that Woodards' participation in *Harris* was limited to filing a one-page Consent to Join, which was nullified a few months later by the Court's September 9 Order.

---

[2]Plaintiffs propounded document requests aimed at testing the veracity of statements made in the worker affidavits submitted by Chipotle, but Chipotle refused to provide such documents. *See*, *e.g.*, Williams Dec. Ex. E at 16 (Chipotle's Response to Request No. 10).

**ARGUMENT**

Chipotle contends that it is entitled to judgment as a matter of law because (1) the instant case is "duplicative" of the *Harris* action; (2) Woodards is "collaterally estopped" from alleging a collective action; (3) the "first to file rule" bars the *Woodards* action; (4) the *Woodards* action should be dismissed to prevent "claim-splitting"; and (5) Woodards' claims are barred by the statute of limitations. With the exception of the statute of limitations, each of these arguments relates to whether Woodards can allege a collective. Plaintiff shall address each of these arguments in turn.

## I.       The *Woodards* action is not "duplicative" of the *Harris* action.

Chipotle urges that *Woodards* must be dismissed because it is "duplicative" of *Harris.* If the same party brings two actions alleging the same claims against the same defendant, and judgment has not been entered in the first action, a plaintiff will be limited by the rule prohibiting the pursuit of "multiple federal suits against the same party involving the same controversy at the same time." *Mo. ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 954 (8th Cir.2001). If, however, the second action does not involve the same party or controversy as the first, the rule against duplicative litigation will not apply and the second action can proceed to a decision on the merits. *Olson v. Brott*, No. 09-790, 2009 WL 4912135 at *6 (D.Minn. Dec. 11, 2009) (Ericksen, U.S.D.J.).

To be sure, Woodards sought to join the *Harris* action. But Chipotle opposed this, and the Court's September 9 Order rendered Woodards ineligible for the *Harris*

collective.[3]  Thus, Woodards (along with every other Chipotle employee who worked at a location other than Crystal) is not part of the *Harris* action.  Indeed, relief will differ between the two actions, because the relief in *Harris* will be limited to persons who worked at the Crystal location, while it remains to be seen who else will be allowed to seek relief in the *Woodards* action.[4]

Chipotle also asserts that Woodards is "precluded from pursuing collective claims in this action," supposedly because "the Court has already made the factual and legal determination that Plaintiff Woodards and putative class members are not similarly

---

[3]Chipotle acknowledged as much when it omitted Woodards from the list of employees the company provided to effectuate notice to "all potential opt-in plaintiffs," pursuant to the Court's September 9 Order.  *See* September 9 Order at 31, No. 9.

[4]At least one court has held that a person who consents to join an FLSA action is not considered a "party" to the action unless the court certifies a collective that includes such person. *See Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp.2d 357, 364-65 (S.D.N.Y. 2007).  In *Lynch*, the plaintiff ("Lynch") had filed a consent to join in an earlier FLSA action in Florida that made the same allegations against the same defendant.  The Florida action was dismissed before a collective was certified. When Lynch filed a new collective action in New York, the defendant moved to dismiss the complaint, arguing that as a "party" to the Florida action, Lynch was bound by counsel's previous statements that Florida was the appropriate venue.  The Court disagreed:

> But Lynch did not file the [Florida] litigation.  He sought to join it, yes, but the court prevented him from doing so-leaving him free to file a claim on his own behalf elsewhere. USAA does not cite a single authority that supports estopping a plaintiff from seeking relief because he tried unsuccessfully to opt into a similar action in another jurisdiction on behalf of a different plaintiff, that was dismissed in short order.

*Lynch*, 491 F. Supp.2d at 365.

In this case, Chipotle cites no such authority, either. Each of the cases Chipotle cites involved *the same plaintiff* trying to maintain separate, simultaneous lawsuits against the same defendant. As such, these cases are inapposite.

situated." Supp. Memo. at 11. The only authority Chipotle cites for this notion is *Dias v. Elique*, 276 Fed. Appx. 596 (9th Cir. 2008), a malicious prosecution case in which the court took judicial notice of a prior state court determination of probable cause, and held that because the plaintiff's claim required a showing that the defendant lacked probable cause to prosecute the plaintiff, the plaintiff's claims were properly dismissed. *Id*. at 598-99.

Chipotle's focus on malicious prosecution cases is misplaced. In FLSA cases, a decision whether or not to certify a collective in an FLSA case is, by definition, "conditional." As such, a motion for conditional certification can be renewed after additional discovery is conducted. *See Ray v. Motel 6 Operating., Ltd., P'ship,* No. 3-95-828, 1996 WL 938231, *4 (D. Minn. Mar. 18, 1996) (Montgomery, U.S.M.J.) (denying motion for nationwide notice, but permitting plaintiffs to bring "anew a similar request … on a smaller scale, such as region by region"); *see also Saarela v. Union Colony Protective Servs., Inc.*, No. 13-1637, 2014 WL 3408771 at *4 (D. Colo. Sept. 5, 2014) (Krieger, U.S.D.J.) ("Upon a more substantial showing that Union Colony's alleged failure to pay overtime to Mr. Saarela was indicative of a policy that applied with equal force to other similarly-situated employees, Mr. Saarela may renew his request"); *MacGregor v. Farmers Ins. Exch.*, No. 10-03088, 2012 WL 2974679, **3-4 (D.S.C. July 20, 2012) (Norton, U.S.D.J.) (after denying a motion for a nationwide collective, granting a renewed motion for a narrower collective based on additional evidence obtained in discovery; *Gaun Ming Lin v. Benihana Nat'l Corp.*, 755 F. Supp.2d 504, 513 (S.D.N.Y. 2010) (noting that if a plaintiff's motion to certify a FLSA collective is found to be

insufficient, "courts in this district have often ordered the disclosure of contact information for potential opt-in plaintiffs so that discovery into the collective allegations could continue and the plaintiffs could renew their motion for certification at a later date") (citing cases); *Brasfield v. Source Broadband Servs., LLC*, 257 F.R.D. 641, 644 (W.D. Tenn. 2009) ("Unlike a judgment, conditional class certification is not a final determination but is, by definition, subject to modification or decertification.  Just as Defendants may move for decertification at the conclusion of discovery, Plaintiffs may renew their motion for conditional certification where discovery provides support for such motion") (citations omitted); 7B Charles Alan Wright et al., *Federal Practice and Procedure* § 1807 (3d ed.1998). ("If conditional certification is denied, the court may allow discovery to provide plaintiffs a second opportunity to obtain sufficient evidence of a collective to warrant conditional certification and the notice to opt in.").

For all of the above reasons, *Woodards* is not "duplicative" of *Harris*, and should not be dismissed on that ground.

## II. **Woodards is not "collaterally estopped" from bringing a collective action claim.**

Chipotle maintains that Woodards is "collaterally estopped" from bringing a claim for a collective action.  Chipotle, however, cites no case in which a plaintiff has been collaterally estopped from moving for conditional certification following a denial of conditional certification in a prior action.  This is because motions for conditional certification are not appropriate for collateral estoppel.

"In the Eighth Circuit, issue preclusion[5] has five elements: (1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit; (2) the issue sought to be precluded must be the same as the issue involved in the prior action; (3) the issue sought to be precluded must have been actually litigated in the prior action; (4) the issue sought to be precluded must have been determined by a valid and final judgment; and (5) the determination in the prior action must have been essential to the prior judgment." *Ginters v. Frazier*, 614 F.3d 822, 826 (8th Cir. 2010).

### A.   Woodards is not a "party" to the  *Harris* action.

Chipotle contends that "it is undisputed that Woodards was and presumably still is a party to the *Harris* action." Supp. Memo at 16. To the contrary, this is very much disputed. As discussed above, Woodards is not a party to *Harris*. *See Lynch*, 491 F. Supp.2d at 364-65 (holding that a person who files a consent to join in a FLSA action is not considered a "party" to the suit unless the Court grants permission to join the case). Because the Court certified a collective in *Harris* that does not include Woodards, he is not a party to that case.

The cases Chipotle cites for a contrary proposition are inapposite. In *Lee v. Vance Exec. Prot.*, 7 Fed. Appx. 160 (4th Cir. 2001), the opt-in plaintiffs were actually named in the amended complaint, and were never denied permission to join the case. 7 Fed. Appx. at 167-68. In *Jennings v. Cellco Partnership*, No. 12-00293, 2012 WL 2568146 (D.

---

[5]Collateral estoppel is also known as "issue preclusion." *Ginters v. Frazier*, 614 F.3d 822, 825 (8th Cir. 2010).

Minn. July 2, 2012) (Nelson, U.S.D.J.) the Court merely recited the law that a person must affirmatively opt in to a collective action to join it, in contrast to a Rule 23 action, where class members are included unless they affirmatively opt out. *See* 2012 WL 2568146, at *3. Nothing in *Jennings* states that an opt-in who is prevented from joining a collective is nevertheless considered a "party" to it. The same is true for *McElmurry v. U.S. Bank. Ass'n*, 495 F.3d 1136, 1139 (9th Cir. 2007), *Roussel v. Brinker Int'l*, 441 Fed. Appx. 222, 225 (5th Cir. 2011), and *Partlow v. Jewish Orphans' Home of S.Cal., Inc.*, 645 F.2d 757, 758 (9th Cir. 1981), *abrogated on other grounds* by *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165 (1989), all of which merely state the general rule that, in contrast to Rule 23 actions, FLSA conditional certification actions require class members to opt in to be included.

Another case cited by Chipotle, *Adams v. School Bd. of Hanover County*, No. 05-310, 2008 WL 5070454 (E.D. Va. Nov. 26, 2008) (Lauck, U.S.M.J.), actually contradicts Chipotle's position. In *Adams*, after the court granted partial summary judgment to the defendant, eight opt-in plaintiffs sought to withdraw their consents to join "without prejudice" prior to the court's ruling on conditional certification. 2008 WL 5070454 at **18-19. The court noted the plaintiffs' "longstanding participation" in the case "while two amended complaints were filed and when seeking lengthy amounts of time to conduct discovery." *Id.* Nevertheless, because no conditional action had been certified as to these plaintiffs, the court held that they could not be bound by the court's summary judgment ruling. *Id.* ("Although finding it regrettable, the Court sees no bar against these

Plaintiffs choosing to withdraw their opt-in status. Given the procedural structure the parties undertook in this case, no collective action has been certified.")

In this case, Woodards did not ask to withdraw from *Harris* – he was disqualified by operation of the Court's September 9 Order.  Chipotle cites no case in which a person who filed a consent to join, but subsequently was denied the right to join a Stage 1 collective, nevertheless was considered a "party" and bound by the results of that litigation.  This is because, as far as Plaintiff can tell, no such case exists.

      B.    <u>The issues Chipotle seeks to preclude are</u>
              <u>not the same</u>.

Chipotle implies that it meets this element because "the Complaint is identical to the Complaint in *Harris*," *see* Supp. Memo. at 12.  The issue Chipotle seeks to preclude, however, is whether a collective should be conditionally certified.  *See* Supp. Memo. at 11 ("Plaintiff Woodards is estopped from bringing a collective action claim").  The notion that the collectives sought to be certified in both cases are "identical" is speculative and premature.  Woodards has not even brought a collective action motion.  As such, the full scope of the collective Woodards will seek, and the evidence upon which he will rely for his motion, are presently unknown.  Accordingly, Chipotle is incorrect in its claim that "this Court has already made the factual and legal determination that Woodards' and putative class members are not similarly situated" and is therefore "precluded from pursuing collective action claims in this action."  Supp. Memo. at 14.[6]

---

[6]The paragraph at the top of page 14 of Chipotle's supporting memorandum appears to be identical to the first full paragraph at the top of page 11.  Therefore, Plaintiff incorporates by reference his earlier response, which is found on pages 8-10 herein.

Chipotle cites no case for the proposition that a person is precluded from filing a collective action if a request for conditional certification of a collective was denied in a previous case brought against the same defendant. Chipotle's primary reliance is upon *Frosini v. Bridgestone Firestone N. Am. Tire, LLC*, No. 05-0578, 2007 WL 2781656 (C.D. Cal. Aug. 24, 2007) (Snyder, U.S.D.J.).  In that Rule 23 case,[7] after "extensive discovery," the state court in the first action denied class certification, which was affirmed on appeal. *Frosini*, 2007 WL 2781656 at \*4 ("Because the Superior Court denied class certification of both nationwide and California consumer resident classes after permitting extensive discovery, and because the California Court of Appeal affirmed that ruling in a decision which is now final, defendant contends that plaintiffs should be precluded from seeking certification of the same class on substantially identical claims in this case."). In contrast, virtually no discovery was allowed in *Harris*, and interlocutory

---

[7]All of the cases Chipotle cites on this element involved Rule 23 *class* certification, not *conditional collective action* certification. Class actions and conditional collective actions, and the procedural and legal rules governing them, differ greatly and fundamentally.  *See Schmidt v. Fuller Brush, Co*., 527 F.2d 532, 536 (8th Cir. 1975) (adopting view, and ruling, that Section 16(b) of the FLSA and Fed.R.Civ.P 23 are "irreconcilab[le]."); *Bouaphakeo v. Tyson Foods, Inc*, 464 F.Supp.2d 870, 887-88 (N.D. Iowa 2008) (class actions and conditional collective actions are irreconcilable, even though they may be maintained together in one action).

Chipotle repeatedly describes *Frosini* as involving "conditional certification, when the word "conditional" does not even appear in the Frosini opinion.  *See* Supp. Memo. at 12-13 (citing *Frosini* repeatedly for the notion that "conditional certification" was denied in the first action and that plaintiffs "attempted to differentiate conditional certification in the second action") Chipotle also refers to the *Frosini* plaintiffs' "failure to show that common issues of fact or law predominated over individual issues of proof as to each proposed class[,]" which are distinct *class action* requirements.  *See* Supp. Memo. at 13. And, Chipotle wrongly implies that both cases were in federal court (by referring to actions by "the District Court" in both cases, *see* Supp. Memo. at 12-13), when in fact, the first action was in state court.  *See* 2007 WL 2781656 at \*4.

appeal was denied.  In sum, nothing in *Frosini* supports the notion that the Court's September 9 Order in *Harris* prevents Woodards from bringing his own motion for a collective.

> ### C. The issue Chipotle seeks to preclude was not actually litigated in *Harris*.

Chipotle fails to meet this element as well.  As stated more fully elsewhere, plaintiffs in FLSA actions may renew motions for conditional certification if they address the court's concerns in denying the motion, such as narrowing the scope of the collective or presenting additional evidence. *See, e.g*, *Ray,* 1996 WL 938231 at *4 (denying motion for nationwide notice, but permitting plaintiffs to bring "anew a similar request … on a smaller scale, such as region by region") (Montgomery, U.S.M.J.); 7B Charles Alan Wright et al., *Federal Practice and Procedure* § 1807 (3d ed.1998). ("If conditional certification is denied, the court may allow discovery to provide plaintiffs a second opportunity to obtain sufficient evidence of a collective to warrant conditional certification and the notice to opt in."). Under these circumstances, the issues are not "identical," and collateral estoppel does not apply.

Although the issue of whether a nationwide collective should be conditionally certified was litigated in *Harris*, it was litigated with limited discovery, before Woodards even filed a Consent to Join in the case.  Moreover, it is presently unknown whether Woodards will move for a nationwide collective or something else, and since there has been no discovery in Woodards, the evidence Woodards will rely upon in making his motion is not presently known. In sum, until the Court knows what issues are actually

presented for adjudication in *Woodards*, Chipotle cannot meet its burden to show that those issues are sufficiently similar to be precluded by the Court's ruling in *Harris*.

        D.      <u>The issue Chipotle seeks to preclude was not determined by a valid and final judgment.</u>

Finality is a necessary component of collateral estoppel. *Davidson v. RGIS Inventory Specialists*, 553 F. Supp. 2d 703, 706 (E.D. Tex. 2007) (holding that the plaintiffs were not collateral estopped from renewing their motion for a collective, because a denial of collective certification is not a final decision on the merits). "As a threshold matter, an order conditionally certifying a class and authorizing notice [under the FLSA] is not a final decision, terminating the litigation and allowing appeal under 28 U.S.C. § 1291." *Davidson,* 553 F. Supp. 2d at 706 (citing *Baldridge v. SBC Commc'ns, Inc.*, 404 F.3d 930, 931 (5th Cir.2005); *accord*, *Comer v. Wal–Mart Stores, Inc.*, 454 F.3d 544, 549 (6th Cir.2006)).[8]

The District of Minnesota has repeatedly stated that conditional certification (which occurs with little or no discovery) comes at an "early" stage of the litigation, is not a decision on the merits, and is subject to change. *See, e.g.*, *Knaak v. Armour-Eckrich Meats, LLC,* 991 F. Supp. 2d 1052, 1060 (D. Minn. 2014) (conditionally certifying collective action and stating that it "sees no reason to limit the scope of plaintiffs' claims

---

[8] Chipotle cites *Frosini* for the proposition that "an order denying class certification is final and decided on the merits." As noted *supra*, *Frosini* involved Rule 23 class certification, not conditional certification of an FLSA collective. *Frosini* is therefore inapposite. Even Chipotle's own authority acknowledges that an order denying conditional certification of a collective is not "final." *See McElmurry*, 495 F.3d at 1139 (holding that a district court's order denying a motion for conditional certification and notice to putative class members "is not a final decision subject to appeal under 28 U.S.C. § 1291"), cited by Chipotle at Supp. Memo. 15.

at this early stage."); *Jennings*, 2012 WL 2568146 at *6 ("Defendant's arguments concerning the individualized inquiries required and the merits of Plaintiffs' claims are inappropriate at this stage of the proceeding. These arguments can be raised before the Court at the second, or decertification stage."); *Loomis v. CUSA LLC*, 257 F.R.D. 674, 677-78 (D. Minn. 2009) ("The Court will not address the merits of this argument at this early procedural posture"); *Dominquez v. Minn. Beef Indus., Inc.,* No. 06–1002, 2007 WL 2422837, at *2 (D. Minn. Aug. 21, 2007) (Kyle, U.S.D.J.) (arguments concerning "the individualized inquiries required and the merits of [Plaintiff's] claims are inappropriate" at the first certification stage and should be raised on a later decertification motion). *See also Ray,* 1996 WL 938231 at *4 (denying motion for a nationwide collective, but permitting plaintiffs to bring "anew a similar request … on a smaller scale, such as region by region"). Because the September 9, 2014 order is not "final," Chipotle fails to meet this element of the collateral estoppel test.

E.    The determination in *Harris* was not
essential to a prior judgment.

Chipotle all but ignores this element. Collateral estoppel does not preclude litigation of previously decided issues unless the prior judgment could not have been rendered absent a conclusive finding as to the particular issue. *In re Hudson*, 428 B.R. 866, 870-71 (Bankr. E.D. Ark. 2010) (citations omitted). Conditional certification orders, however, do not make "conclusive findings." They are by definition "conditional," and subject to change. *See Brasfield*, 257 F.R.D. at 644 ("Unlike a judgment, conditional class certification is not a final determination but is, by definition, subject to modification

or decertification.  Just as Defendants may move for decertification at the conclusion of discovery, Plaintiffs may renew their motion for conditional certification where discovery provides support for such motion") (citations omitted). Thus, the Court did not weigh evidence, make credibility determinations, or otherwise make "conclusive" findings in the September 9 Order. *See* September 9 Order at 19, 21, 27.

For the above reasons, Chipotle meets none of the elements for collateral estoppel, and its request that Woodards' Complaint be dismissed on that ground should be denied.

### III.    The "first to file rule" does not bar the *Woodards* action.

Chipotle contends that because the *Harris* action was filed before the *Woodards* action, the *Woodards* action should be dismissed pursuant to the "first-to-file rule." Supp. Memo. at 17. Again, Chipotle ignores fundamental principles that contradict this argument, cites no cases applying the rule when both cases are in the same forum and before the same judge, and fails to even mention contrary authority in this District.

As Chipotle acknowledges, "the first-to-file rule stands for the general proposition that when there are **two competing lawsuits**, the first suit should have priority." *See* Supp. Memo. at 17 (citing *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1005 (8th Cir. 1993) (emphasis added).  The *Harris* and *Woodards* actions are not competing lawsuits, because *Harris* has been limited to the Crystal location. Unless Woodards moves to conditionally certify a collective that includes Crystal (which is highly unlikely since Woodards never worked at the Crystal location and there is already a collective for the Crystal location), the doctrine does not apply.

Furthermore, the "first-to-file rule" applies to cases filed in different fora, and does not apply where two actions are both in the same district, before the same judge. *See Arctic Cat, Inc. v. Polaris Indus., Inc.*, No. 13-3579, slip op. at 2014 WL 5325361 \*\*13-15 (D. Minn. Oct. 20, 2014) (Tunheim, U.S.D.J.). In *Arctic Cat*, the parties filed separate actions against each other, with Arctic Cat filing first.   Both cases were eventually assigned to Judge Tunheim.   2014 WL 5325361 at \*7.   On cross motions to dismiss, Arctic Cat urged the court to apply the "first-to-file rule" and dismiss the later-filed Polaris action.   Judge Tunheim declined to apply the rule:

> Arctic Cat argues that the first-filed rule is applicable in cases filed in the same district, but does not cite, and the Court has not found, any cases in which a court has applied the rule when dealing with two cases pending in the same district before the same judge… Rather than support the use of the doctrine here, Arctic Cat's argument further emphasizes the futility of trying to meaningfully apply the first-filed doctrine in this situation. It is not surprising that few of the concerns counseling against application of the first-filed rule are present, because the rule simply does not apply here. Instead, as explained below, the Court already has adequate tools to deal with cases involving similar parties and claims filed in the same district through its discretion to consolidate related cases. Accordingly, the Court concludes that the first-filed rule does not apply to these cases, as they do not present a situation in which the Court must choose between different fora, and will decline to dismiss Polaris' lawsuit on this ground.

2014 WL 5325361 at \*15.

As in *Arctic Cat*, Chipotle urges the Court to apply the "first-to-file rule," even though *Woodards* and *Harris* are both in the same district, and are before the same judge. As in *Arctic Cat*, Chipotle fails to cite any authority for applying the rule under these

circumstances. As in *Arctic Cat*, this court has adequate tools to coordinate the *Harris* and *Woodards* actions, without having to dismiss *Woodards* with prejudice. In sum, the "first-to-file" rule does not apply, for the same reasons Judge Tunheim determined it did not apply in *Arctic Cat*.

### IV.    Woodards has not engaged in "claim-splitting."

Claim-splitting involves bringing two separate lawsuits on a single claim arising out of the same nucleus of facts. A party to litigation may not split a cause of action. *George v. Uponor Corp.*, 988 F. Supp.2d 1056, 1077-78 (D. Minn. 2013); *Pearson v. City of Big Lake, Minn.*, No. 10-1745, 2011 WL 1136443 at *4 (D. Minn. Mar. 25, 2011) (Tunheim, U.S.D.J.) (citing *Charboneau v. Am. Family Ins. Co*., 481 N.W.2d 19, 21 (Minn.1992).

Minnesota courts distinguish between claim-splitting and the related doctrine of res judicata based on the relief sought by the party asserting claim-splitting. *Pearson*, 2011 WL 1136443 at *4 (citing *Brown–Wilbert, Inc. v. Copeland Buhl & Co.*, 732 N.W.2d 209, 222 (Minn.2007). "Where a dismissal with prejudice is sought, claim-splitting supports that remedy *only* if the elements of *res judicata* are also present." *Id.* (emphasis added); *accord MacIntyre v. Lender Processing Servs., Inc.*, No. 12-1514, 2012 WL 4872678 at * 2 (D. Minn. Oct. 15, 2012) (Magnuson, U.S.D.J.); *Thomas & Wong General Contractor v. Lake Bank, N.A.*, No. 06-515, 2009 WL 4577722 at *7 (D. Minn. Dec. 1, 2009) (Montgomery, U.S.D.J.).

The elements of *res judicata* are met where (1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their

privities; (3) there was a final judgment on the merits; and (4) the estopped party had a full and fair opportunity to litigate the matter. *Thomas & Wong*, 2009 WL 4577722 at *7 (citation omitted).  At least two of the four elements of *res judicata* are missing in this case.  First, Woodards is not a party or in privity with the *Harris* collective.  He never worked at the Crystal location, he does not qualify as a member of the *Harris* collective, and the adjudication of FLSA claims in *Harris* will have no bearing on Woodards' claims.  Second, as argued above, Woodards has not had a full and fair opportunity to litigate anything in *Harris*.  He did not file a Consent to Join in *Harris* until after discovery and briefing on Plaintiffs' motion to conditionally certify a collective had been completed and an R&R had been issued.  No other discovery was permitted before Woodards was disqualified from the *Harris* collective and forced to file his own action.

In *George*, a Rule 23 case, the defendant contended that the claims of two California plaintiffs ("the Overstreets") should be dismissed for "claim-splitting," because a separate class action making the same allegations had been brought in California state court on behalf of California residents ("*Sweidan*").  The Court found the argument premature:

> Here, however, the Overstreets are not plaintiffs in *Sweidan.* Also, the *Sweidan* court has not yet certified any class, meaning the Overstreets are not class members whose interests are already represented in *Sweidan,* and thus the Overstreets have not pursued identical or similar claims in more than one action. Precluding the Overstreets' claims based on the actions of the *Sweidan* plaintiffs would deprive the Overstreets of due process.

988 F.Supp.2d at 1078.

In this case, it would be a denial of due process to forbid Woodards from filing his own action.  No Rule 23 class has been certified in *Harris*, and Woodards is barred from joining the *Harris* collective. Woodards is not splitting his claims between two actions, but has brought all of his claims here, in this lawsuit. Chipotle's "claim-splitting" defense should therefore be rejected.

**V.    Woodard's claims are not "time-barred."**

Chipotle contends that, because Woodards last worked for Chipotle more than two years since the commencement of this action, he is "time-barred" from pursuing his claims. With this contention, Chipotle ignores the plain language of the FLSA and MFLSA.  *See* 29 U.S.C. §255(a) ("… a cause of action arising out of a willful violation may be commenced within **three years** after the cause of action accrued") (emphasis added); Minn. Stat. § 541.07(5) ("… if the nonpayment is willful and not the result of mistake or inadvertence, the limitation is **three years**") (emphasis added).  *See also Ahle v. Veracity Research Co*., No. 09-00042, 2009 WL 3103852 at *6 (D. Minn. Sept. 23, 2009) (Montgopmery, U.S.D.J.) ("The statute of limitations for suits brought under the FLSA is two years if based on non-willful violations but three years if based on willful violations") (citing 29 U.S.C. § 255(a)).

Woodards last worked at the Golden Valley restaurant in August of 2012, which is less than three years from the date the complaint was filed in this case.  Because he alleges that Chipotle acted willfully, the three-year limitations period applies to Woodards' FLSA and MFLSA claims.  *See* Complaint at ¶¶ 30-31, 57(c), 59(b)(9), 68, 81, 87, 97; *see also* September 9 Order at 28-29 (providing judicial notice in *Harris* to

22

persons who worked within the three years preceding the Magistrate Judge's April 10, 2014 R&R); *Burch v. Qwest Commc'ns Int'l, Inc.*, 500 F. Supp. 2d 1181, 1191 (D. Minn. 2007) (approving notice to all potential members of a collective within the three-year limitations period because "at this early stage in the litigation, the Court cannot tell if the alleged violation was willful or not").

Moreover, even if only a two-year limitations period applied, Chipotle ignores the effect of equitable tolling on Woodards' claims.  *See Green v. Harbor Freight Tools USA, Inc.*, 888 F. Supp. 2d 1088, 1105-06 (D. Kan. 2012) ("The statute of limitations for a plaintiff in a collective action is tolled after the plaintiff has filed a consent to opt in to the collective action, and begins to run again if the court later decertifies the collective action"); *Resendiz-Ramirez v. P & H Forestry, LLC*, 515 F.Supp.2d 937, 942-43 (W.D.Ark. 2007) ("the statute of limitations on an opt-in plaintiff's claim is not tolled until he or she files a consent form with the court").

Equitable tolling on Woodard's FLSA claims began when he filed a Consent to Join in *Harris* on May 4, 2014, and did not end until September 9, 2014, when the Court limited the collective to only Crystal employees. Equitable tolling on Woodards' MFLSA claims began on July 2, 2013, the date that the *Harris* class action complaint was filed, and continued up to October 8, 2014, the date Woodards filed the instant action. *See Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353-54 (1983) ("the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action") (quoting *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974)).

Therefore, even if Woodards' claims were subject to a two-year limitations period (which they are not), his claims are still timely.

### VI.    Woodards is not limited to his individual claims.

Finally, Chipotle asserts that Woodards can only bring individual claims.  *See* Supp. Memo. at 22. This assertion is based on an erroneous reading of, and citation to, *dicta* from *Keef v. M.A. Mortenson Co.*, No. 07-3915, 2008 WL 3166302 (D. Minn. August 4, 2008) (Rosenbaum, U.S.D.J.), which Chipotle cites for the proposition that "The U.S. District Court for the District of Minnesota has held that opt-in members are dismissed without prejudice, and the case proceeds only in the putative class **members'** individual capacities if the conditionally certified FLSA class is decertified or if conditional certification is denied."  *See* Supp. Memo. at 22 (emphasis added).[9]

This is a misstatement of the *Keefe* opinion. In *Keefe*, in holding that the plaintiff made a sufficient showing for a Stage 1 motion for conditional certification, Judge Rosenbaum recounted the basic process for addressing certification of a collective in a FLSA case.  *See* 2008 WL 3166302, at \*\*2-3. The Court touched on Stage 2 (which was not at issue in *Keef* or *Harris*), stating, "If a class is decertified, opt-in class members are dismissed without prejudice, and the case proceeds only in the putative class **representatives'** individual capacities." 2008 WL 3166302 at \*2 (emphasis added). Significantly, *Keefe* does not say opt-in class members may only bring claims in their

---

[9]Chipotle miscites *Keef* for this "holding."  *See* Supp. Memo. at 22 (citing *Keef v. M.A. Mortenson Co.*, No. 07-3915, 2008 WL 3166302, at \*4 (D. Minn. August 4, 2008)). There is no "\*4" in the *Keef* opinion and, as set forth above,  Judge Rosenbaum held no such thing.

individual capacities following decertification.  And, even more significantly, nowhere

does *Keef* say that putative collective members are limited to bringing individual claims

after a denial of conditional certification,[10]

The fact is, although Judge Nelson denied a motion for a nationwide collective in

*Harris*, nothing prevents Woodards (or, for that matter, Harris) from seeking a narrower

collective, or even a nationwide collective if additional evidence is obtained through

discovery. This is because a decision whether or not to certify a collective in a FLSA case

is "conditional," and can be renewed after additional discovery is conducted. *See Ray,*

1996 WL 938231 at *4 (denying motion for nationwide notice, but permitting plaintiffs

to bring "anew a similar request … on a smaller scale, such as region by region");

*Saarela*, 2014 WL 3408771 at *4 (allowing the plaintiff to renew his request for a

collective "upon a more substantial showing that Union Colony's alleged failure to pay

overtime to Mr. Saarela was indicative of a policy that applied with equal force to other

similarly-situated employees."); *MacGregor*, 2012 WL 2974679 at **3-4 (granting a

renewed motion for a narrower collective based on additional evidence obtained in

discovery); *Gaun Ming Lin*, 755 F. Supp.2d at 513 (noting that if a motion to

conditionally certify a FLSA collective is denied, "courts in this district have often

---

[10]The other opinions Chipotle cites for this proposition, *Saleen v. Waste Mgmt., Inc.*, 649
F. Supp.2d 937 (D. Minn. 2009) and *Thompson v. Speedway SuperAmerica, LLC*, No.
08-1107, 2009 WL 130069 (D. Minn. 2009) (Schiltz, U.S.D.J.), are equally inapposite.
In *Saleen*, Judge Schiltz said nothing about limiting opt-in plaintiffs to only their
individual claims if they file separate actions.  *See* 649 F. Supp.2d. at 943.  The same is
true for *Thompson*, where Judge Schiltz held that under the circumstances of that case, no
collective at all was appropriate.  *See* 2009 WL 130069 at *13. In contrast, Judge Nelson
determined (for Stage 1 purposes) that a collective is appropriate.  *See* September 9 Order
at 25.

ordered the disclosure of contact information for potential opt-in plaintiffs so that discovery into the collective allegations could continue and the plaintiffs could renew their motion for certification at a later date.") (citing cases); *Brasfield*, 257 F.R.D. at 644 ("Unlike a judgment, conditional class certification is not a final determination but is, by definition, subject to modification or decertification.  Just as Defendants may move for decertification at the conclusion of discovery, Plaintiffs may renew their motion for conditional certification where discovery provides support for such motion.") (citations omitted); 7B Charles Alan Wright et al., *Federal Practice and Procedure* § 1807 (3d ed.1998). ("If conditional certification is denied, the court may allow discovery to provide plaintiffs a second opportunity to obtain sufficient evidence of a collective to warrant conditional certification and the notice to opt in.").

Whether Woodards will move for conditional certification of a collective (and if so, the scope of said collective) is yet to be determined. But, nothing at this stage justifies a blanket prohibition on Woodards from seeking a collective, regardless of what evidence he obtains through discovery. Such a ruling would be premature, unsupported, and contrary to case law in this District and elsewhere providing for renewal of a motion for a collective.  It would also be contrary to the September 9 Order, which conditionally certified a collective.

## CONCLUSION

For the foregoing reasons, Plaintiff DeShandre Woodards respectfully requests that Chipotle's Motion to Dismiss Plaintiff's Class Action Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) or, in the Alternative, for Summary Judgment Pursuant to Fed R. Civ. P. 56, be denied in its entirety.


Dated: November 26, 2014                    _/s Kent M. Williams_____
                                            Kent M. Williams
                                            Minn. Bar No. 0222884
                                            WILLIAMS LAW FIRM
                                            1632 Homestead Trail
                                            Long Lake, MN 55356
                                            Telephone: (612) 940-4452
                                            Fax: (763) 473-0314
                                            williamslawmn@gmail.com

                                            Karen O'Connor (admitted pro hac vice)
                                            BACHUS & SCHANKER, LLC
                                            1899 Wynkoop Street, Suite 700
                                            Denver, CO 80202
                                            Tel: (303) 893-9800
                                            Fax:  (303) 893-9900
                                            karen.oconnor@coloradolaw.net

                                            Adam S. Levy (admitted pro hac vice)
                                            LAW OFFICE OF ADAM S. LEVY, LLC
                                            P.O. Box 88
                                            Oreland, PA 19075
                                            Tel:  (267) 994-6952
                                            Fax:  (215) 233-2992
                                            adamslevy@comcast.net

                                            ATTORNEYS FOR PLAINTIFF