UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Deshandre Woodards, on behalf of himself and all others similarly situated, | Civil No. 14-4181 (SRN/SER) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Chipotle Mexican Grill, Inc., | |
| Defendant. | |

---

      Adam S. Levy, Esq., Law Office of Adam S. Levy LLC, P.O. Box 88, Oreland, Pennsylvania 19075, for Plaintiff.

      Kent M. Williams, Esq., Williams Law Firm, 1632 Homestead Trail, Long Lake, Minnesota 55356, for Plaintiff.

      John K. Shunk, Esq., Messner Reeves LLP, 1430 Wynkoop Street, Suite 300, Denver, Colorado 80202, for Defendant.

      Jennifer M. Robbins and Angela M. Munoz-Kaphing, Esqs., Robins Kaplan LLP, 800 LaSalle Avenue, Suite 2800, Minneapolis, Minnesota 55402, for Defendant.

      Richard Simmons, Esq., Sheppard Mullin Richter & Hampton LLP, 333 South Hope Street, Forty-Third Floor, Los Angeles, California 90071, for Defendant.

---

STEVEN E. RAU, United States Magistrate Judge

      The above-captioned case comes before the undersigned on Defendant Chipotle Mexican Grill, Inc.'s ("Chipotle") Motion to Dismiss Plaintiff's Class Action Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) or, in the Alternative for Summary Judgment Pursuant to Fed. R. Civ. P. 56 ("Motion to Dismiss") [Doc. No. 12]. This matter has been referred for the resolution of pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(B)–(C), and District of Minnesota Local Rule 72.1.

(Order of Referral) [Doc. No. 20]. For the reasons stated below, the Court recommends that the Motion to Dismiss be denied.

## I. BACKGROUND

### A. Procedural Background

Plaintiff Deshandre Woodards ("Woodards") filed his Class Action Complaint ("Complaint") [Doc. No. 1] on October 8, 2014. Woodards asserts violations of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, *et seq.*, and the Minnesota Fair Labor Standards Act ("MFLSA"), Minn. Stat. § 177.21, *et seq.* (Compl. ¶¶ 62–98). Woodards was employed at Chipotle's Golden Valley, Minnesota store and seeks recovery of "unpaid overtime compensation and other unpaid wages" from Chipotle. (*Id.* ¶¶ 1, 35).

Woodards states that he

> shall request that the Court authorize concurrent notice to all former and current hourly-paid restaurant employees who were employed by Chipotle during the applicable time period, informing them of the pendency of this action and of their right to opt-in to this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b).

(*Id.* ¶ 5). In addition, Woodards "proposes a Rule 23 class brought on behalf of [himself] and all other former and current hourly-paid restaurant employees who were employed by Chipotle in Minnesota during the applicable time period." (*Id.* ¶ 6). Nonetheless, Woodards does not have a motion for class or collective treatment of his claims before this Court currently. In response to Woodards's Complaint, Chipotle filed its Motion to Dismiss. The Court heard oral argument on the Motion to Dismiss on January 7, 2015. (Minute Entry Dated Jan. 7, 2015) [Doc. No. 31].

### B. Related Litigation

A related case pending in this District entitled *Harris v. Chipotle Mexican Grill, Inc.*, No. 13-cv-1719 (SRN/SER) ("*Harris*" or the "*Harris* action") is the basis for Chipotle's Motion to Dismiss, and therefore the events in *Harris* require explication.

Plaintiffs in *Harris* filed an amended class action complaint on October 22, 2013. Consolidated Am. Class Action Compl. ("*Harris* Am. Compl."), *Harris v. Chipotle Mexican Grill, Inc.*, No. 13-cv-1719 (SRN/SER) [Doc. No. 31]. Woodards's Complaint and the *Harris* Amended Complaint are identical with the exception of a few paragraphs. *See generally* (Compl.); *Harris* Am. Compl. Those paragraphs identify the individual named plaintiffs, the Chipotle stores at which they worked, and the specific time period during which the allegedly unlawful conduct took place. Counsel for the plaintiffs in *Harris* also represent Woodards in this action.

In *Harris,* the Honorable Susan Richard Nelson referred plaintiffs' motion for conditional certification under the FLSA to the undersigned. Order of Reference, *Harris v. Chipotle Mexican Grill, Inc.*, No. 13-cv-1719 (SRN/SER) [Doc. No. 74]. The *Harris* plaintiffs sought conditional certification of a nationwide FLSA collective. *See* Mem. in Supp. of Pls.' Mot. for Conditional Collective Action Cert. and for Judicial Notice to Class, *Harris v. Chipotle Mexican Grill, Inc.*, No. 13-cv-1719 (SRN/SER) [Doc. No. 35 at 1–2].

This Court recommended conditional certification of a nationwide collective. Report and Recommendation Dated Apr. 10, 2014 ("*Harris* R&R"), *Harris v. Chipotle Mexican Grill, Inc.*, No. 13-cv-1719 (SRN/SER) [Doc. No. 87 at 33–34]. As a report and recommendation, the *Harris* R&R stated that it "does not constitute an order or judgment of the District Court." *Harris* R&R at 37.

On May 5, 2014, several weeks after this Court issued the *Harris* R&R, Woodards filed a consent to join the proposed collective action in *Harris*. Pls.' Notice of Filing Consent to Join Form Pursuant to the FLSA, 29 U.S.C. § 216(b), *Harris v. Chipotle Mexican Grill, Inc.*, No. 13-cv-1719 (SRN/SER) [Doc. No. 91]; Consent to Join Collective Action and Become Party Pl.

Pursuant to FLSA (29 U.S.C. § 216(b)) ("Consent to Join"), *Harris v. Chipotle Mexican Grill, Inc.*, No. 13-cv-1719 (SRN/SER) [Doc. No. 91-1]. Following the filing of Woodards's Consent to Join, Chipotle objected to the *Harris* R&R. Chipotle's Objections to the *Harris* R&R on Pls.' Mot. for Conditional Collective Action Cert., *Harris v. Chipotle Mexican Grill, Inc.*, No. 13-cv-1719 (SRN/SER) [Doc. No. 93].

Judge Nelson declined to adopt this Court's recommended conditional collective definition. Mem. Op. and Order ("*Harris* Order"), *Harris v. Chipotle Mexican Grill, Inc.*, No. 13-cv-1719 (SRN/SER) [Doc. No. 101]. Specifically, Judge Nelson declined to conditionally certify a nationwide collective, and instead limited the collective to current and former employees at Chipotle's Crystal, Minnesota store. (*Harris* Order at 24–25, 31).

## II.   DISCUSSION

In its Motion to Dismiss, Chipotle argues that Woodards's Complaint must be dismissed because his individual claims are time-barred and, "without a personal claim against [Chipotle] . . . Woodards cannot assert a collective or class action on behalf of other similarly situated employees." (Def.'s Mem. of Law in Supp. of its Mot. to Dismiss, "Chipotle's Mem. in Supp.") [Doc. No. 14 at 21–22]. Chipotle also seeks dismissal of Woodards's class and collective claims arguing that they should be dismissed on the following grounds: (1) the first-to-file rule; (2) collateral estoppel; (3) the rule against claim-splitting; and (4) the rule against duplicative litigation. (*Id.* at 1–2, 9–20). Chipotle contends that the above doctrines bar Woodards's class and collective claims because Woodards's Complaint alleges claims and seeks relief identical to the claims and relief at issue in *Harris* and because Woodards was a party in *Harris* when Judge Nelson issued the *Harris* Order declining to conditionally certifying a nationwide collective. (*Id.*

4

at 1–2, 8, 16); *see also* (*id.* at 10, 18, 20). Chipotle further asserts that Woodards "presumably still is" a party in *Harris*. (*Id.* at 16).

### A. Legal Standard

Chipotle moves for dismissal of Woodards's claims under Federal Rule of Civil Procedure 12(b)(6). (Chipotle's Mem. in Supp. at 8). In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the complaint contains "'sufficient factual matter . . . to state a claim to relief that is plausible on its face.'" *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A court accepts the facts alleged in the complaint as true, and grants "reasonable inferences in favor of the nonmoving party." *Lind v. Midland Funding, L.L.C.*, 688 F.3d 402, 405 (8th Cir. 2012). Legal conclusions "must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.[1]

---

[1] Chipotle moves to dismiss Woodards's Complaint pursuant to Rule 12(b)(6), but asks, in the alternative, for dismissal under a summary judgment standard. (Chipotle's Mem. in Supp. at 1, 8–9). Chipotle does not, however, analyze the issues presented under a summary judgment standard at any point in its briefing, and based on the Court's review it appears that the only reason Chipotle proposes treatment of its Motion to Dismiss as one for summary judgment is its submission of documents filed in *Harris* in support of its motion. It is true that when "matters outside the pleadings are presented to and not excluded by the court" on a motion to dismiss under Rule 12(b)(6), the motion must be considered a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d); *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992). But materials that are a matter of public record may be considered in the court's discretion without converting a motion to dismiss to a motion for summary judgment. *See Hile v. Jimmy Johns Highway 55, Golden Valley*, 899 F. Supp. 2d 843, 847 (D. Minn. 2012) (SRN/TNL) (citing *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003)). In light of the above, the Court takes judicial notice of the docket in *Harris* and will evaluate Chipotle's motion only under the Rule 12(b)(6) standard articulated above.

B.     Analysis

1.     **Woodards's Individual Claims**

Chipotle's only argument with respect to Woodards's ability to pursue his individual claims is its argument that Woodards's individual claims are time-barred.[2] Specifically, Chipotle argues that Woodards's individual claims under the FLSA and MFLSA are barred by the respective two-year statutes of limitations and that Woodards "has presented no evidence that his claims are based on a willful violation of the FLSA or MFLSA." (Chipotle's Mem. in Supp. at 21–22); (Chipotle's Reply at 15). Chipotle further argues that because Woodards's individual claims are time-barred, he "cannot assert a collective or class action on behalf of other similarly situated employees." (Chipotle's Mem. in Supp. at 21–22). In response, Woodards contends that because he alleges a willful violation, he is entitled to the three-year statute of limitations

---

[2]     *See* (Chipotle's Mem. in Supp. at 9) (asking the Court to dismiss Woodards's "collective action to avoid duplicative litigation"); (*id.* at 11) (arguing that Woodards is "collaterally estopped from bringing a collective action claim"); (*id.* at 18) (arguing for dismissal under the first-to-file rule because "the classes sought to be represented [by Woodards] and [in] the *Harris* action are identical"); (Def.'s Reply Mem. of Law in Supp. of Mot. to Dismiss, "Chipotle's Reply") [Doc. No. 28 at 13–14] ("For purposes of the claim splitting argument, [Chipotle] is not asking this Court to dismiss [Woodards's] individual claims."). That is, assuming Woodards's individual claims are not time-barred, the parties do not appear to dispute that Woodards is permitted to pursue those individual claims, regardless of the events that have occurred in *Harris*. *Cf. Keef v. M.A. Mortenson Co.*, No. 07-CV-3915 (JMR/FLN), 2008 WL 3166302, at *2 (D. Minn. Aug. 4, 2008) ("If a class is decertified, opt-in class members are dismissed without prejudice, and the case proceeds only in the putative class representatives' individual capacities."); *see also* (Chipotle's Mem. in Supp. at 22–23) (arguing that Woodards can pursue only his individual claims). To the extent Chipotle relies on *Keef* and similar cases as providing separate grounds for dismissal of Woodards's class and collective claims, Chipotle's position is without merit. In *Keef* the court simply noted, in the course of addressing the plaintiff's motion for conditional certification, that if a collective is decertified opt-in plaintiffs are dismissed without prejudice and the case continues only in the "**putative class representative's** individual capacities." *Keef*, 2008 WL 3166302, at *2 (emphasis added). The *Keef* court was not presented with the factual circumstances or legal questions presented here, and *Keef* may in fact be read to support Woodards's ability to pursue class and collective claims, as *Keef* states that opt-in plaintiffs are "dismissed **without prejudice**." *Id.* (emphasis added).

provided by both the FLSA and MFLSA. (Pl.'s Mem of Law in Opp'n to Def.'s Mot. to Dismiss, "Woodards's Mem. in Opp'n") [Doc. No. 25 at 22–23].

Under the FLSA, a plaintiff must initiate an action within two years after the cause of action accrues. 29 U.S.C. § 255(a). If, however, the cause of action arises out of a willful violation, a plaintiff has three years to initiate the action. *Id.* The MFLSA has a similar provision. Minn. Stat. § 541.07(5). Whether a statute of limitations bars a plaintiff's claim is an affirmative defense, and "it is well settled that plaintiffs are not required to negate an affirmative defense in their complaint." *LePage v. Blue Cross & Blue Shield of Minn.*, Civ. No. 08-584 (RHK/JSM), 2008 WL 2570815, at *3 (D. Minn. June 25, 2008) (citing *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004)). "[T]he possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense." *Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367 (8th Cir. 2011) (internal quotation marks omitted).

Woodards alleges that Chipotle acted willfully when it failed to pay its hourly employees overtime and regular wages and failed to keep accurate time records for hourly employees. (Compl. ¶¶ 31, 68, 69, 81, 87, 97). Woodards alleges that Chipotle "routinely requires hourly-paid restaurant employees" to work off the clock and that Chipotle "utilizes time clock devices that automatically" clock out an employee, even if the employee is still working. (*Id.* ¶ 26).

Chipotle argues that Woodards "has presented no evidence that his claims are based on a willful violation of the FLSA or MFLSA." (Chipotle's Reply at 15). But at the pleading stage, Woodards's general allegations are sufficient to "satisfy the requirements of pleading a willful violation of the FLSA." *LePage*, 2008 WL 2570815, at *3 (citing Fed. R. Civ. P. 9(b); *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 843 (6th Cir. 2002) ("[A]n employer's

7

recordkeeping practices may nonetheless corroborate an employee's claims that the employer acted willfully in failing to compensate for overtime")). In other words, Chipotle "'has attempted to foist on [Woodards] a pleading requirement that does not exist.'" *Id.* (quoting *Ventrassist Pty Ltd. v. Heartware, Inc.*, 377 F. Supp. 2d 1278, 1287 (S.D. Fla. 2005)). Further, an affirmative defense of a statute of limitations violation "often involves a factual inquiry," meaning "it is not generally amenable to resolution on a Rule 12(b)(6) motion." *Id.* The Court therefore recommends denying Chipotle's motion to dismiss to the extent it seeks to dismiss Woodards's Complaint on statute of limitations grounds.[3] *Cf. Casas v. Conseco Fin. Corp.*, No. Civ. 00-1512 (JRT/SRN), 2002 WL 507059, at *13 (D. Minn. Mar. 31, 2002) (permitting individuals in an FLSA case who would be eligible for compensation if a willful violation was found to remain in the case even though plaintiffs had not yet alleged willfulness).

### 2. Class and Collective Allegations

As noted, Chipotle seeks dismissal of Woodards's class and collective claims based on several doctrines, which can be characterized generally as preclusive doctrines. Specifically, Chipotle contends that Woodards's class and collective claims should be dismissed on the following grounds: (1) the first-to-file rule; (2) collateral estoppel; (3) the rule against claim-splitting; and (4) the rule against duplicative litigation. (Chipotle's Mem. in Supp. at 1–2, 9–20). These preclusive doctrines are either inapplicable to the instant case or cannot be applied at this

---

[3] Because the Court finds Woodards has sufficiently pled willful violations of the FLSA and MFLSA, the Court need not address Woodards's argument that his claims are tolled by the Consent to Join that he filed in *Harris*. *See* (Woodards's Mem. in Opp'n at 23–24); (Chipotle's Reply at 15). For the same reason, the Court finds meritless Chipotle's argument that because Woodards's individual claims are untimely, he cannot pursue class or collective treatment. *See* (Chipotle's Mem. in Supp. at 21–22). Chipotle's additional arguments regarding Woodards's ability to pursue class and collective claims are addressed *infra*.

stage of the litigation. The Court will first address Chipotle's argument regarding the first-to-file rule before turning to the remaining preclusive doctrines.

### a.     First-to-File Rule

"To conserve judicial resources and avoid conflicting rulings, the first-filed rule gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction." *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993). Stated differently, "[i]n cases of concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case as a matter of federal comity." *Keymer v. Mgmt. Recruiters Int'l, Inc.*, 169 F.3d 501, 503 n.2 (8th Cir. 1999) (citing *Nw. Airlines*, 989 F.2d at 1004–05); *see also Arctic Cat, Inc. v. Polaris Industries Inc.*, Civil Nos. 13-3579 (JRT/FLN), 13-3595 (JRT/FLN), 2014 WL 5325361, at *13 (D. Minn. Oct. 20, 2014).

The Court concludes that because this matter and the *Harris* action have been filed in the same district and assigned to the same district judge and magistrate judge, the first-to-file rule "simply does not apply here." *Arctic Cat*, 2014 WL 5325361, at *15. Chipotle acknowledges that "the first-to-file rule addresses identical actions filed in **different** district courts," but contends that "the rule is still instructive and should be applied here, where a single court is faced with two identical actions." (Chipotle's Mem. in Supp. at 18); *see also* (Chipotle's Reply at 12). Chipotle's argument, however, fails to account for the very nature and purpose of the first-to-file rule. "[T]he first-filed rule is a venue or forum selection mechanism encouraging dismissal of a later filed suit in a different district" and "is not intended to govern the resolution of two lawsuits filed in the same district and assigned to the same judge." *Arctic Cat*, 2014 WL 5325361, at *14, *15 (concluding that "the first-filed rule does not apply to . . . cases" that do not require the court

to "choose between different fora"); *see also Nw. Airlines*, 989 F.2d at 1006 (describing the first-to-file rule as a rule that is used "**for purposes of choosing among possible venues** when parallel litigation has been instituted in **separate courts**" (emphasis added)).

Indeed, the first-to-file rule is a principle used "[t]o conserve judicial resources and avoid conflicting rulings" and gives priority to first-filed cases "as a matter of federal comity." *Nw. Airlines*, 989 F.2d at 1006; *Keymer*, 169 F.3d at 503 n.2. Concerns about judicial resources and conflicting rulings are greatly minimized when two cases are pending in the same district and before the same judge, as demonstrated by this Court's consolidation of pretrial scheduling matters in this case and the *Harris* action. (Minute Entry Dated Feb. 27, 2015) [Doc. No. 36]; *see also* (Pretrial Scheduling Order) [Doc. No. 39]. And concerns about federal comity—that is, "[t]he principle requiring federal district courts to refrain from interfering in **each other's** affairs"—are non-existent when two cases are pending in the same court and before the same judge. Black's Law Dictionary 685 (9th ed. 2009) (emphasis added); *see also Rodriguez v. Taco Bell Corp.*, No. 1:13-cv-01498-SAB, 2013 WL 5877788, at *3 (E.D. Cal. Oct. 30, 2013) ("The concerns justifying the application of the first-to-file rule, particularly those relating to federal comity, do not apply when both cases are pending before the same judge in the same court.").

In sum, the Court finds the first-to-file rule inapplicable here, where Chipotle seeks dismissal of Woodards's claims due to the pendency of a first-filed case in the same district and assigned to the same judges.[4] The Court therefore declines to dismiss Woodards's class and collective claims on this ground. *See Arctic Cat*, 2014 WL 5325361 at *13–15.

---

[4] Chipotle notes in its briefing that counsel for Woodards and the plaintiffs in *Harris* has filed cases in the District of Colorado that involve allegations similar to those alleged by Woodards and the *Harris* plaintiffs. *See, e.g.*, (Chipotle's Mem. in Supp. at 3). Chipotle has not, however, asked the Court to take judicial notice of these actions, nor has Chipotle asked the Court to apply the first-to-file rule on the basis of any action filed in the District of Colorado. (*Id.*

### b. Other Preclusive Doctrines

Having concluded that the first-to-file rule has no application to the situation presented by the pendency in this District of both *Harris* and the instant matter, the Court next considers whether any of the other preclusive doctrines raised by Chipotle warrant dismissal of Woodards's class and collective claims. As noted above, Chipotle invokes collateral estoppel, the rule against claim-splitting, and the rule against duplicative litigation as grounds for dismissal of Woodards's class and collective claims. *See* (Chipotle's Mem. in Supp. at 1–2).

Collateral estoppel is properly applied when:

> (1) the issue sought to be precluded is identical to the issue previously decided; (2) the prior action resulted in a final adjudication on the merits; (3) the party sought to be estopped was either a party or in privity with a party to the prior action; and (4) the party sought to be estopped was given a full and fair opportunity to be heard on the issue in the prior action.

*Irving v. Dormire*, 586 F.3d 645, 648 (8th Cir. 2009) (quoting *Ripplin Shoals Land Co. v. U.S. Army Corps of Eng'rs*, 440 F.3d 1038, 1044 (8th Cir. 2006)).

Similarly, the rule against claim-splitting prevents a party from pursuing two distinct lawsuits that assert claims arising out the same set of operative facts. *See MacIntyre v. Lender Processing Servs., Inc.*, Civ. No. 12-1514 (PAM/SER), 2012 WL 4872678, at *2 (D. Minn. Oct. 15, 2012).

> Although related to res judicata, the judge-made prohibition against claim-splitting is slightly different from that well-known doctrine, in no small part because the application of res judicata depends on a final judgment in one action, whereas the defense of claim[-]splitting is made during the pendency of both related cases. But the principles of res judicata illuminate the claim-splitting determination.

---

at 18–19) (discussing applicability of first-to-file rule in light of *Harris* action); (Chipotle's Reply at 12) (same); *see also* (Chipotle's Mem. in Supp. at 3) ("For purposes of this Motion, Defendant will only examine the *Harris* action as it relates to this action.").

*Id.* Where a party seeks dismissal of a claim with prejudice on claim-splitting grounds, as Chipotle does here, "the [c]ourt should analyze whether res judicata would preclude the claims in the second suit." *Id.*; *see* (Chipotle's Reply at 13).

Finally, the rule against duplicative litigation is "a prudential limitation on the exercise of federal jurisdiction." *Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 954 (8th Cir. 2001). A district court has "an ample degree of discretion in the decision to stay or dismiss a proceeding based on duplicative federal litigation." *Ritchie Capital Mgmt., L.L.C. v. Jeffries*, 849 F. Supp. 2d 881, 888 (D. Minn. 2012) (ADM/JJG) (internal quotation marks omitted). "Litigation is duplicative if a plaintiff attempts to litigate 'the same issues at the same time in more than one federal court.'" *Id.* (quoting *Blakely v. Schlumberger Tech. Corp.*, 648 F.3d 921, 932 (8th Cir. 2011)); *see also Olson v. Brott*, Civil No. 09-790 (JNE/JJG), 2009 WL 4912135, at *6 (D. Minn. Dec. 11, 2009) ("If . . . the record action does not involve the same party or controversy as the first, the rule against duplicative litigation will not apply . . . ."). A threshold issue in deciding whether to dismiss or stay an action because of concurrent litigation is "whether the proceedings are, in fact, duplicative." *Ritchie Capital Mgmt.*, 849 F. Supp. 2d at 888.

As is plain from the above statements of law, each of the preclusive doctrines relied on by Chipotle are premised to some extent on whether the party sought to be precluded was a party to, in privity with, or otherwise sufficiently represented by a party in the competing and/or prior litigation. The Court has serious doubts about whether any such relationship can be established here where: (1) Woodards's involvement in the *Harris* action was limited to his "opting-in" to a

FLSA collective that was never certified, even conditionally;[5] (2) Woodards filed his Consent to Join after briefing on the issue of conditional certification in *Harris* was complete; (3) Woodards was not included in the collective that was ultimately conditionally certified in *Harris*, so that at no point was any named *Harris* plaintiff granted leave to pursue relief on his behalf; (4) the *Harris* Order approved of the *Harris* plaintiffs' proposed consent to join form only to the extent it was amended to comply with the order;[6] and (5) no motion for class certification under Rule 23 has even been filed, let alone fully litigated, in the *Harris* action. *See Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2379–82 (2011) (holding that, in the context of Rule 23 class actions, "an unnamed member of a proposed but uncertified class" is not a "party" to earlier class litigation, nor bound under principles of nonparty preclusion and stating that "[n]either a proposed class action nor a rejected class action may bind nonparties"); *see also id.* at 2379 (stating that the "definition of the term 'party' can on no account be stretched so far as to cover a person . . . whom the plaintiff in a lawsuit was denied leave to represent").[7]

---

[5] As noted, Woodards filed his Consent to Join while the *Harris* R&R, recommending conditional certification of a nationwide collective, was pending before Judge Nelson, but the *Harris* R&R did "not constitute an order or judgment of the District Court." *Harris* R&R at 37.

[6] The parties engaged in litigation regarding whether the consent to joint form created in response to the *Harris* Order was properly amended to reflect the collective conditionally certified by Judge Nelson. *See* Mem. of Law in Supp. of Chipotle's Mot. for Curative Relief and to Prevent Access to Improper Consent Documents, *Harris v. Chipotle*, 13-cv-1719 (SRN/SER) [Doc. No. 114 at 11] ("[T]he Consent . . . is plainly overbroad and invites individuals who do not fall within the collective to respond"). In the course of litigating that issue, Chipotle asked that any allegedly overbroad consents to join filed with the Court be "disregarded and deemed ineffective." *Id.* at 13. Chipotle's position in that instance that any consent to join that did not accurately define the collective conditionally certified in the *Harris* Order should be deemed ineffective appears inconsistent with its position that Woodards's Consent to Join—filed before the *Harris* Order was issued and therefore containing no reference to the collective conditionally certified by Judge Nelson—should be given some legal effect for purposes of the doctrines relied on in its Motion to Dismiss.

[7] *Cf. Ambrosia v. Cogent Communications, Inc.*, Case No. 14-cv-02182-RS, 2014 WL 4744409, at *1–2 (N.D. Cal. Sept. 22, 2014). In *Ambrosia*, the court concluded that individuals who were opt-in plaintiffs eligible for inclusion in a previous conditionally certified nationwide

Putting aside, however, questions regarding Woodards's status as a party or the like, the Court finds that Chipotle's request for dismissal of Woodards's claims pursuant to any of the above doctrines is premature. Chipotle seeks the application of these doctrines to bar Woodards's class and collective claims before Woodards has asked the Court for class or collective treatment.

"To proceed with a collective action, plaintiffs must demonstrate that they are similarly situated to the proposed FLSA class." *Chin v. Tile Shop, LLC*, Case No. 13-cv-2969 (SRN/JSM), 2014 WL 5461891, at *4 (D. Minn. Oct. 27, 2014). As the parties are well-aware, this determination involves a two-step inquiry initiated by a named plaintiff's filing of a motion for conditional certification. *See id.* at *1 (addressing plaintiff's motion for conditional certification); *see also In re RBC Dain Rauscher Overtime Litigation*, 703 F. Supp. 2d 910, 963 (D. Minn. 2010) (JRT/FLN) (stating that the "fundamental inquiry in determining whether a collective action under [the FLSA] is appropriate is whether . . . the plaintiffs are similarly situated" and that "[c]ourts have developed a two-step process for determining whether plaintiffs are similarly situated for certification of a collective action" (omission in original) (internal quotation marks omitted)). Similarly, with regard to a class action under Federal Rule of Civil Procedure 23, a court "must determine by order whether to certify the action as a class action" at "an early practicable time **after a person sues** . . . as a class representative." Fed. R. Civ. P. 23(c)(1)(A) (emphasis added).

---

collective that was later decertified were parties to the action "per the FLSA." *Id.* at *2. The court further concluded that those who did not opt-in to the previous conditionally certified collective were in privity with the parties in the former action because they "share[d] the interests of the parties" and were adequately represented by co-plaintiffs and the same lead counsel. *Id.* Arguably, the court's analysis in *Ambrosia* could be read to support Chipotle's position in this case, but unlike the opt-in plaintiffs and those deemed to be in privity with the plaintiffs in the former action discussed in *Ambrosia*, Woodards was never eligible for inclusion in a collective that was conditionally certified by court order. *See Harris* Order.

In light of events that must occur before Woodards may proceed with any class or collective action, the issues that Chipotle asks the Court to deem precluded, duplicative, or otherwise redundant, are not actually before the Court. *See Trogdon v. Kleenco Maintenance & Const., Inc.*, No. 5:14-CV-05057, 2014 WL 4202486, at *2 (W.D. Ark. Aug. 21, 2014) (discussing, in the course of denying defendant's motion for summary judgment, the process of conditional certification in an FLSA action and stating that "[a]ny issues regarding the suitability of this action proceeding as a collective action will be initially addressed at that time"). Indeed, the above preclusive doctrines all require the Court to consider the similarity of the issues and/or the factual basis for the issues raised in the allegedly competing or redundant litigation. *See Irving*, 586 F.3d at 648 (stating that for collateral estoppel to apply, "the issue sought to be precluded" must be "identical to the issue previously decided"); *Ritchie Capital Mgmt.*, 849 F. Supp. 2d at 888 (noting that a threshold issue in deciding whether to dismiss an action under the rule against duplicative litigation is "whether the proceedings are, in fact, duplicative"); *MacIntyre*, 2012 WL 4872678, at *2–3 (finding that plaintiff engaged in improper claim-splitting because her claims arose out of the same transaction or set of facts). Until Woodards has moved the Court for conditional certification under the FLSA or for class certification under Rule 23, thereby properly and clearly presenting the Court with the issues and facts relevant to class and/or collective treatment in this case, it seems neither wise nor appropriate for this Court to apply the above preclusive doctrines.

Cases applying preclusive doctrines in the context of class and collective actions involve a variety of factual scenarios, none of which align perfectly with the factual scenario presented here. And although not factually identical, the court's analysis in *Bamgbose v. Delta-T Group,*

*Inc.*, 724 F. Supp. 2d 510 (E.D. Pa. 2010), supports the conclusion that Chipotle's arguments are premature.

In *Bamgbose*, the plaintiff filed suit individually and on behalf of all others similarly situated against the defendant employer, claiming that the defendant violated the FLSA in part due to misclassification of employees as independent contractors. *Id.* at 512. Sixty workers filed notices of consent to join the action, and the named plaintiff moved for conditional certification of a collective action under the FLSA. *Id.* The court denied the plaintiff's motion for conditional certification without prejudice because the plaintiff "failed to demonstrate a modest factual showing that the putative" members of the collective were "similarly situated with respect to the analysis the [c]ourt would engage in to determine whether the workers were 'employees' or 'independent contractors.'" *Id.* Specifically, the court stated that "the record indicated that the workers had diverse experiences based on their relationship with" the defendant and its clients, making it difficult to determine workers' status on a collective basis. *Id.* In denying the motion without prejudice, the court noted the possibility that plaintiff could "renew his motion for class certification and propose subclasses" in the event discovery revealed that subclasses would be appropriate. *Id.* at 513 (internal quotation marks omitted).

The court was later presented with the named plaintiff's motion to amend his complaint to "add a new named plaintiff . . . and to add three new defendants." *Id.* at 517. The plaintiff sought to amend the complaint to designate one of the opt-in plaintiffs as the new named plaintiff, because the defendant had made an offer of judgment that disposed of the original named plaintiff's claim. *Id.* The amendment was sought in order to permit the renewal of the motion for collective action certification. *Id.* The defendant argued that the plaintiff's motion to amend should be denied on res judicata and collateral estoppel grounds "because the plaintiff's

16

amended complaint [did] not articulate a subclass" and the court had "already denied collective action certification." *Id.* at 519. The court rejected the defendant's arguments as "premature" because the plaintiff had "not yet renewed his motion for conditional certification." *Id.* The court could not "apply the doctrines the defendant cite[d] because the plaintiff ha[d] yet to ask the [c]ourt to decide an issue it ha[d] already decided." *Id.*

*Bamgbose* involved the denial of a motion for conditional certification without prejudice. *Id.* at 512. But apart from its denial without prejudice, the court concluded that plaintiff's filing of an amended complaint that included collective allegations did not, by itself, properly present the court with the issue of collective certification. *See id.* at 519. As in *Bamgbose*, Woodards "has yet to ask the Court to decide an issue it has already decided," and it is therefore too early in this litigation for the Court to decide whether Woodards's class or collective claims are precluded or otherwise duplicative. *See id.*; *see also Smith*, 131 S. Ct. at 2380 (reasoning that where the district court held that "the action did not satisfy . . . Rule 23's requirements for class proceedings . . . [one] cannot say that a properly conducted class action existed at any time in the litigation"); *Rodriguez*, 2013 WL 5877788, at *4 (noting "a possibility of overlap between claims asserted" in instant case and previously filed Rule 23 class action but declining to dismiss plaintiff's claims pursuant to rule against claim-splitting, in part because at the motion to dismiss stage, "the possibility of overlap is only theoretical . . . . If and when the issue of overlapping claims arises in a more concrete manner, Defendant can raise the issue in an appropriate manner.").

In sum, because Chipotle urges dismissal with prejudice of Woodards's class and collective allegations before Woodards has moved the Court for class or collective treatment, the Court concludes that Chipotle's Motion to Dismiss is premature to the extent it seeks dismissal

of Woodards's claims pursuant to collateral estoppel, the rule against claim-splitting, and the rule against duplicative litigation.

### III. CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant Chipotle Mexican Grill, Inc.'s ("Chipotle") Motion to Dismiss Plaintiff's Class Action Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) or, in the Alternative for Summary Judgment Pursuant to Fed. R. Civ. P. 56 ("Motion to Dismiss") [Doc. No. 12] be **DENIED**.[8]

Dated: April 3, 2015

                                                           *s/Steven E. Rau*
                                                           STEVEN E. RAU
                                                           United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 17, 2015,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen (14) days** after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.

---

[8] In denying Chipotle's Motion to Dismiss, the Court does not intend to preclude Chipotle from making, at a later point in time, arguments regarding those preclusive doctrines that the Court finds premature at this stage of the litigation.