**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| DeShandre Woodards, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Chipotle Mexican Grill, Inc.,<br><br>Defendant. | Case No. 14-cv-4181 (SRN/SER)<br><br><br>**MEMORANDUM OPINION AND ORDER** |

Kent M. Williams, Williams Law Firm, 1632 Homestead Trail, Long Lake, MN 55356; and Adam S. Levy, Law Office of Adam S. Levy, LLC, P.O. Box 88, Oreland, PA 19075; for Plaintiffs.

Jennifer M. Robbins and Angela M. Munoz-Kaphing, Robins Kaplan LLP, 2800 LaSalle Plaza, 800 LaSalle Avenue, Minneapolis, MN 55402; John K. Shunk, Messner Reeves LLP, 1430 Wykoop Street, Suite 300, Denver, CO 80202; and Richard J. Simmons, Sheppard Mullin Richter & Hampton LLP, 333 South Hope Street, Forty-Third Floor, Los Angeles, CA 90071, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

**I.     INTRODUCTION**

This matter is before the Court on Defendant's Objections [Doc. No. 41] to the April 3, 2015 Report and Recommendation ("R&R") on Defendant's Motion to Dismiss Plaintiff's Class Action Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) or, in the Alternative, for Summary Judgment Pursuant to Fed. R. Civ. P. 56. The Magistrate Judge recommended that the Motion be denied. For the reasons set forth below, Defendant's Objections are overruled, and the Court adopts the R&R.

## II.     BACKGROUND

### A.     Plaintiff's Allegations

The factual and procedural background of Plaintiff's case is well documented in the Magistrate Judge's R&R and is incorporated herein by reference.[1]  Briefly stated, Plaintiff is a former hourly-paid employee of Defendant and was employed at Defendant's Golden Valley, Minnesota store.  (Compl. [Doc. No. 1] ¶¶ 18, 35.)  Plaintiff filed a Class Action Complaint on October 8, 2014, alleging that Defendant has violated the federal and Minnesota Fair Labor Standards Acts ("FLSA" and "MFLSA," respectively) by maintaining a company-wide policy of requiring hourly-paid employees to work "off the clock" and without pay.  (Id. ¶ 3.)  On behalf of himself and all others similarly situated, Plaintiff seeks recovery of unpaid overtime compensation and other wages.  (Id. ¶ 4.)  According to the Complaint:

> 5.     Plaintiff shall request that the Court authorize concurrent notice to all former and current hourly-paid restaurant employees who were employed by Chipotle during the applicable time period, informing them of the pendency of this action and of their right to opt-in to this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b).
>
> 6.     Plaintiff also proposes a Rule 23 class brought on behalf of themselves [sic] and all other former and current hourly-paid restaurant employees who were employed by Chipotle in Minnesota during the applicable time period.

(Id. ¶¶ 5–6.)  Plaintiff defines the proposed collective as:

> 54.    All current and former hourly-paid restaurant employees of Chipotle Mexican Grill, Inc. who, on or after October 8, 2011, were

---

[1]    The Court recites background facts only to the extent necessary to rule on Defendant's Objections.

>automatically punched off the clock and continued to work, or who otherwise worked "off the clock," resulting in non-payment of regular wages or overtime wages.

(Id. ¶ 54.) However, Plaintiff has not yet filed a motion for collective or class certification.

### B. The Harris Litigation

Approximately one year prior to the filing of Plaintiffs' Complaint, a Consolidated Amended Class Action Complaint almost identical to Plaintiff's Complaint was filed in this Court in Harris v. Chipotle, Inc., No. 13-cv-1719 (SRN/SER). (Consolidated Am. Class Action Compl. [13-cv-1719, Doc. No. 31].) Both the undersigned and the Magistrate Judge assigned to the present action also preside over Harris. On October 23, 2013, the named plaintiffs in that case filed a motion for conditional collective action certification of a nationwide collective. (See Mem. in Supp. of Pls.' Mot. for Conditional Collective Action Certification and for Judicial Notice to Class [Doc. No. 35] at 1–2.) The matter was referred to the Magistrate Judge and, on April 10, 2014, he recommended conditional certification of the following collective action:

>All current and former hourly-paid restaurant employees of Chipotle Mexican Grill, Inc. who, on or after October 23, 2010, were automatically punched off the clock by the Aloha timekeeping system at 12:30 a.m. and continued to work, or who otherwise worked "off the clock" during closing shifts, resulting in non-payment of regular wages or overtime wages.

(Report and Recommendation dated Apr. 10, 2014 [13-cv-1719, Doc. No. 87] ("Harris R&R") at 33–34.) On May 5, 2015, Plaintiff in the present action filed a consent to join the collective action in Harris ("Consent to Join"). (Pls.' Notice of Filing Consent to Join [13-cv-1719, Doc. No. 91].)

3

On May 12, 2014, Defendant filed objections to the Magistrate Judge's recommendation that a nationwide collective be certified, in part on the grounds that there was no colorable evidence of a nationwide unlawful scheme. (See Def.'s Objs. to the Apr. 10, 2014 R&R on Pls.' Mot. for Conditional Collective Action Certification [13-cv-1719, Doc. No. 93] at 1.) In an Order dated September 9, 2014 (the "September 9 Order"), this Court sustained that objection and respectfully declined to adopt the Magistrate Judge's recommendation that a nationwide collective of Defendant's employees was appropriate. (Mem. Op. and Order dated Sept. 9, 2014 [Doc. No. 101] at 18–25.) This Court did, however, find that—for purposes of conditional certification—Plaintiffs had demonstrated a colorable claim of a common, unlawful policy in regard to Defendant's Crystal, Minnesota restaurant. (Id. at 22–25.) Therefore, the Court conditionally certified the following collective:

> All current and former hourly-paid restaurant employees of Chipotle Mexican Grill, Inc. who were employed at Chipotle's Crystal, Minnesota restaurant and, on or after April 10, 2011, were automatically punched off the clock by the Aloha timekeeping system at 12:30 a.m. and continued to work, or who otherwise worked "off the clock" during closing shifts, resulting in non-payment of regular wages or overtime wages.

(Id. at 31.)

### C. Defendant's Motion to Dismiss

Defendant filed the present Motion in this case on October 30, 2014. Defendant argued that Plaintiff's claims, requested relief, and putative collective are identical to the claims, requested relief, and rejected putative collective in Harris, and that Plaintiff became a party to Harris when he filed his Consent to Join in May 2014. (See Def.'s Mem. of Law

4

in Supp. of Its Mot. to Dismiss Pl.'s Class Action Compl. Pursuant to Fed. R. Civ. P. 12(b)(6) or, in the Alternative, for Summ. J. Pursuant to Fed. R. Civ. P. 56 [Doc. No. 14] at 1, 4, 8.) Accordingly, Defendant asserted, the Complaint in the present matter should be dismissed pursuant to the anti-duplicative litigation principle, collateral estoppel, the first-to-file rule, and the doctrine of claim splitting. (Id. at 1–2.) Defendant also argued that Plaintiff's individual claims should be dismissed as time-barred. (Id. at 2.)

In opposition, Plaintiff argued that, as a result of this Court's September 9 Order, he was not a party in Harris. (Pl.'s Mem. of Law in Opp. to Def.'s Mot. to Dismiss Pl.'s Class Action Compl. Pursuant to Fed. R. Civ. P. 12(b)(6) or, in the Alternative, for Summ. J. Pursuant to Fed. R. Civ. P. 56 [Doc. No. 25] at 1, 5.) Accordingly, Plaintiff asserted, he is not bound by the Court's ruling in that case and the anti-duplicative litigation principle, collateral estoppel, the first-to-file rule, and the doctrine of claim splitting do not apply to bar his claims. (See id. at 7–22.) Plaintiff also argued that this Court's denial of a nationwide collective in Harris does not preclude him from pursuing a collective action (of an as-yet undetermined scope) in this case and that his claims are not time-barred. (See id. at 22–26.)

### D.     The Report and Recommendation

The Magistrate Judge issued his R&R on Defendant's Motion on April 3, 2015. After thoroughly reviewing the procedural histories of the present action and Harris, (R&R at 2–4), the Magistrate Judge determined that: (1) Plaintiff's individual claims are not time-barred, (id. at 6–8); (2) the first-to-file rule does not apply because this matter and Harris

5

were filed in the same district and assigned to the same judges, (id. at 9–10); and (3) it is doubtful that Plaintiff was a party to Harris (or in privity with a party in Harris), a premise required to some extent by the anti-duplicative litigation principle, collateral estoppel, and the doctrine of claim splitting, but that, at any rate, Defendant's Motion is premature because Plaintiff has not yet requested class or collective treatment, (id. at 12–18). Therefore, the Magistrate Judge recommended that this Court deny Defendant's Motion. (Id. at 18.)

## III. DISCUSSION

### A. Standard of Review

A magistrate judge's proposed findings of fact and recommendations for the disposition of certain matters, such as motions to dismiss for failure to state a claim,[2] are reviewed by the district judge de novo. 28 U.S.C. § 636(b)(1)(A)–(C). Accordingly, the Court will review de novo those portions of the R&R to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); accord D. Minn. LR 72.2(b).

### B. Objections

Defendant filed its objections to the R&R on April 17. Although Defendant does not object to the R&R's ruling regarding Plaintiff's individual claims, Defendant does object to the R&R's recommendations regarding Plaintiff's collective action claims. (Def.'s

---

[2] Defendant moved to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim or, in the alternative, for summary judgment under Rule 56. The Magistrate Judge evaluated Defendant's Motion only under a Rule 12(b)(6) standard, (R&R at 5 n.1), and neither party objected.

Obj. to the Apr. 3, 2015 R&R [Doc. No. 41] ("Def.'s Objs.") at 5–6, 14 n.1.) In particular, Defendant argues that the R&R's analysis related to the anti-duplicative litigation principle, collateral estoppel, and the doctrine of claim splitting is erroneous because—by virtue of filing his Consent to Join—Plaintiff was a party to Harris, had the opportunity to litigate the question of certification of a conditional nationwide collective action in that case, and is bound by the Court's ruling in that case. (Id. at 8–10.) Defendant also argues that those doctrines, in addition to the first-to-file rule, should be invoked here to prevent duplicative litigation and the waste of judicial resources. (Id. at 10–12.) In addition, Defendant argues that its Motion is not premature because Plaintiff's counsel has indicated both in the Complaint and in the hearing on this matter that Plaintiff intends to seek certification of a nationwide collective. (Id. at 12–13.)

In response, and for the same reasons discussed above, Plaintiff again argues that the first-to-file rule and "preclusive doctrines" do not apply in this case. (Pl.'s Mem. of Law in Opp. to Def.'s Obj. [Doc. No. 46] at 4–13.) In particular, Plaintiff asserts that he was not a party to Harris and so is not bound by Harris and is not precluded from bringing his own collective action against Defendant. (Id. at 2.) Indeed, Plaintiff asserts, employees are not prohibited from bringing more than one collective action based on the same alleged violations. (Id. at 1.)

The Court finds that: (1) Plaintiff was not a party to Harris, rendering inapplicable the first-to-file rule, anti-duplicative litigation principle, collateral estoppel, and the doctrine of claim splitting; and (2) even if Plaintiff was a party to Harris, Defendant's Motion is

7

premature because Plaintiff has not yet requested class or collective treatment in the present matter. Therefore, Defendant's Objections are overruled.

### 1. Plaintiff was not a party to, or in privity with a party to, Harris

The doctrines that Defendant relies upon in support of its argument for dismissal of Plaintiff's Complaint—the first-to-file rule, anti-duplicative litigation principle, collateral estoppel, and the doctrine of claim splitting—all depend on Plaintiff having been made a party to the Harris litigation, or having been in privity with a party to the Harris litigation. See, e.g., Sparkman Learning Ctr. v. Ark. Dep't of Human Servs., 775 F.3d 993, 1000 (8th Cir. 2014) (stating that claim splitting is discouraged and that the plaintiffs were required to bring all of their claims against the defendant together, rather than parsing them out to be heard by different courts); Ripplin Shoals Land Co. v. U.S. Army Corps of Eng'rs, 440 F.3d 1038, 1044 (8th Cir. 2006) (stating that one prerequisite to the application of collateral estoppel is that "the party sought to be estopped was either a party or in privity with a party to the prior action"); Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc., 259 F.3d 949, 954 (8th Cir. 2001) (stating that "[p]laintiffs may not pursue multiple federal suits against the same party involving the same controversy at the same time" and that "federal courts may decline to exercise their jurisdiction in order to prevent [such] duplicative litigation"); Slidell, Inc. v. Archer Daniels Midland Co., No. Civ. 02-4841, 2003 WL 22050776, at *4 (D. Minn. Sept. 2, 2003) ("Pursuant to the first-filed rule, a district court has the discretion to dismiss the later action, . . . or transfer it if an action involving the same parties and issues was earlier-filed in a different district.")

(citing Anheuser–Busch, Inc. v. Supreme Int'l Corp., 167 F.3d 417, 419 (8th Cir. 1999); Orthmann v. Apple River Campground, Inc., 765 F.2d 119, 121 (8th Cir. 1985)).

Plaintiff was neither. First, Plaintiff was not a party to Harris because the Harris R&R recommended—but did not create—a nationwide collective. As noted by another district court:

> A report and recommendation is not . . . binding, much less "final." It is a proposal for disposing of motions that the district judge "may accept, reject, or modify" as [she] deems proper. Fed. R. Civ. P. 72(b)(3). To have legal effect, its findings must be adopted in an order by the district judge.

Matthews v. Mortg. Elec. Registration Sys., No. 10-cv-13740, 2011 WL 2563180, at *2 (E.D. Mich. June 28, 2011). Accordingly, the Harris R&R did not constitute an order of this Court and was not binding on the parties until adopted by the undersigned. Plaintiff was, therefore, unable to join a nationwide collective when he filed his Consent to Join pending this Court's review of Defendant's objections to the R&R. And, in light of this Court's decision not to adopt the Harris R&R, a nationwide collective never was conditionally certified in that matter, and Plaintiff never became a party to the Harris litigation.

Second, Plaintiff was not in privity with the named plaintiffs in Harris. "In general, 'privity involves a person so identified in interest with another that he represents the same legal right.'" Sondel v. Nw. Airlines, Inc., 56 F.3d 934, 938 (8th Cir. 1995) (quoting McMenomy v. Ryden, 148 N.W.2d 804, 807 (Minn. 1967)). "There are three generally recognized categories of nonparties who will be bound by a prior adjudication: (1) a nonparty who controls the original action; (2) a nonparty whose interests are

9

represented by a party to the original action; and (3) a successor-in-interest to a party."

Id. (citing Margo–Kraft Distribs., Inc. v. Minneapolis Gas Co., 200 N.W.2d 45, 47 (Minn. 1972)). Because there is no evidence that Plaintiff controlled the Harris litigation or is a successor-in-interest to a party to Harris, only the second category is implicated in the present situation. However, as discussed above, the nationwide collective action never was certified in Harris and, accordingly, the named Harris plaintiffs were not approved to be representatives of a collective that included Plaintiff. Therefore, Plaintiff's interests were not represented by the parties in Harris, see Jones v. Casey's Gen. Stores, 517 F. Supp. 2d 1080, 1085 (S.D. Iowa 2007) (finding that class counsel do not owe a fiduciary duty to putative class members in the context of "opt-in" collective actions), and Plaintiff cannot be said to have been in privity with them. Because Plaintiff was not a party to, or in privity with a party to, Harris, none of the "preclusive doctrines" cited by Defendant bar Plaintiff's Complaint.[3]

### 2. Defendant's Motion is premature

Regardless of whether Plaintiff was a party to, or in privity with a party to, Harris, a determination as to whether this litigation is duplicative is premature because—as the

---

[3] Defendant's objections related to the first-to-file rule also fail because the first-to-file rule does not apply where two cases are pending in the same district before the same judge. The Eighth Circuit has stated that, "[t]o conserve judicial resources and avoid conflicting rulings, the first-filed rule gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction." Nw. Airlines, Inc. v. Am. Airlines, Inc., 989 F.2d 1002, 1006 (8th Cir. 1993) (emphasis added). Accordingly, "the first-filed rule is not implicated in situations . . . where a single district judge is confronted with two different cases that raise[] the same legal issues arising out of common facts." Arctic Cat, Inc. v. Polaris Indus. Inc., Civ. Nos. 13-3579 & 13-3595 (JRT/FLN), 2014 WL 5325361, at *14

Magistrate Judge noted—"the issues that [Defendant] asks the Court to deem precluded, duplicative, or otherwise redundant, are not actually before the Court." (R&R at 15.) Indeed, Defendant seeks to preclude Plaintiff from "litigat[ing] the question of certification of a conditional nationwide collective action" in this case, (Def.'s Objs. at 8), but Plaintiff has yet to file a motion for class or conditional collective certification. While Defendant certainly may argue that Plaintiff's claims are duplicative at the certification stage, it is too early to do so now. For these reasons, the Court finds that Defendant's objections lack merit.

## IV. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Defendant's Objections to the April 3, 2015 Report and Recommendation on Defendant's Motion to Dismiss Plaintiff's Class Action Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) or, in the Alternative, for Summary Judgment Pursuant to Fed. R. Civ. P. 56 [Doc. No. 41] are **OVERRULED**;

2. The Court **ADOPTS** the Magistrate Judge's April 3, 2015 Report and Recommendation [Doc. No. 40]; and

3. Defendant's Motion to Dismiss Plaintiff's Class Action Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) or, in the Alternative, for Summary Judgment Pursuant to Fed. R. Civ. P. 56 [Doc. No. 12] is **DENIED.**

Dated: May 28, 2015                    s/Susan Richard Nelson
                                       SUSAN RICHARD NELSON
                                       United States District Judge

---

(D. Minn. Oct. 20, 2014).